In re Estate of John Manning.
Thomas Bonacum, Bishop, appellant, v. John Manning, Jr., et al., appellees.*

Filed February 6, 1909.  No. 15,497.

Descent and Distribution: Jurisdiction. The district court is without original jurisdiction to distribute the funds of an estate of a deceased person.

Appeal from the district court for Furnas county: Robert C. Orr, Judge. *Reversed.*

*Perry & Lambe,* for appellant.

*W. S. Morlan, John T. McClure* and *J. F. Fults, contra.*

Fawcett, J.

This is an appeal from a judgment of the district court for Furnas county, determining the rights of the beneficiaries under the will of John Manning, deceased, and ordering a distribution of the moneys in the hands of the administrator of said estate among the beneficiaries named in said will.  We have made a careful examination of the record, and are unable to find anything showing that the county court was ever called upon to construe the will, or that it ever made any order of distribution of the moneys in controversy.  The only thing in the record even tending to show that any steps were ever taken in the county court to construe the will or make distribution of the funds is the written application of the four children of John Manning, deceased, asking the court to declare certain provisions in the will void and to make distribution of the estate.  This application was verified June 4, 1906, by John T. McClure, as attorney for the applicants, but there is nothing in the record to show when the application was filed in the county court, nor is there anything to show that the county court ever acted upon the appli-

* Rehearing allowed.  See opinion, 85 Neb. ——.

cation, nor does the record show an appeal by any of the parties from any order which the county court may have made, if at all, upon such application. The record fairly shows that all of the estate of John Manning, deceased, with the possible exception of one lot in Arapahoe, has been converted into money, and that the money is now in the hands of the executor. Such being the fact, the county court alone has original jurisdiction to determine the question as to who is entitled to receive such moneys, and in what proportions, and to order distribution. The district court has no original jurisdiction in such a case (*Reischick v. Rieger,* 68 Neb. 348), and can only take jurisdiction upon an appeal regularly prosecuted after an adjudication of the question in the county court. It is clear therefore that, so far as the record before us discloses, the district court was without jurisdiction to enter the decree complained of.

While it is unnecessary to say anything further in disposing of this case, we deem it prudent to suggest that no order distributing the funds of this estate should be made until due notice has been given to all persons interested of the application for such distribution. No such notice is shown to have been given. We do not think there is any authority in the court to appoint a guardian *ad litem* for an insane party until such party has first been served with all due process. Furthermore, we notice in the record some stipulations that were signed, making certain allowances for attorneys' fees and other expenditures. A guardian *ad litem* has no authority to make any such stipulations. At every stage of the proceedings it is the duty of a guardian *ad litem* to insist upon strict proof of everything which in any manner affects the rights of his ward. While we do not so decide, an examination of the record before us leads us to strongly suspect that all of the proceedings of this case since the filing of the will for probate have been without any binding force upon Ellen Manning, insane. It is possible that if all of the proceedings in the county court were before us, including

proof of service of the proper notices upon Ellen Manning, insane, they might show the legality of what has thus far been done, but the record now before us leads us to seriously doubt it.   Unless it can be made tó appear to the district court, by a proper transcript from the county court, that the county court had jurisdiction of the parties in interest, and has, after due and proper notice, adjudicated the questions presented, and that an appeal has been properly prosecuted from the judgment of the county court to the district court, it is the duty of the district court to dismiss this action or appeal, as the case may be.

The judgment of the district court is therefore reversed and the cause remanded for further proceedings in harmony herewith.

REVERSED.