MITCHELL A. ROBINSON, TRUSTEE, APPELLANT, V. NELLIE S. R. TOWER ET AL., APPELLEES.

FILED JANUARY 30, 1914.    No. 17,408.

1. **Trusts:** COMPENSATION OF TRUSTEE: CONVERSION: ELECTION OF REMEDIES. The amount due a trustee of an estate, appointed by a foreign court in which such estate is being administered, for services as trustee must be determined by that court and an order therefor duly made before such trustee may properly withdraw any sum as compensation for such services from the trust fund; and the withdrawal of the same before such allowance is made constitutes a conversion of the sum so withdrawn, for which the beneficiaries of such fund, or succeeding trustees, have an election of remedies—a suit in equity to impound the money, when it can be traced, and have it declared a trust fund, or an action at law for a conversion.

2. **Executors and Administrators:** TRUST FUNDS: CONVERSION: REMEDY. And in the event of the death of the trustee both remedies survive; but the method of procedure in the remedy at law for conversion becomes changed, and such remedy must be enforced in the manner required by the statute in relation to the presentation of claims against the estates of decedents, in force at the time of the death of such trustee.

APPEAL from the district court for Sarpy county: HOWARD KENNEDY, JUDGE. *Affirmed.*

*Arthur C. Wakeley* and *Merritt E. Haviland,* for appellant.

*James T. Begley, contra.*

Robinson v. Tower.

FAWCETT, J.

This action was brought in the district court for Sarpy county, against the defendant, Nellie S. R. Tower, and the sureties on her bond as executrix of the last will of William Robinson, deceased, who in his lifetime was executor of the last will of one Ann Maria Dunham, of Essex county, New Jersey, deceased, and trustee of the trusts created in the will of said Ann Maria Dunham, to recover the sum of $1,064.57, which it is alleged was collected by the said William Robinson as trustee in his lifetime and converted by him. From a judgment of the district court finding in favor of the defendants and dismissing plaintiff's action, plaintiff appeals.

Mrs. Dunham died October 23, 1893. Mr. Robinson qualified as executor of her last will and as trustee of the trusts therein provided, and continued to act in that capacity until his death, August 23, 1905. No complaint is made as to the manner in which Mr. Robinson executed his trust during the nearly 12 years that he acted as trustee. On the contrary, the evidence would indicate that he had executed it faithfully and well. After his death there was found among his papers a statement signed by him entitled "Present Estate." This statement listed four mortgages held by him, aggregating $6,538, a certificate of deposit in the United States National Bank, $1,600, and "Balance held as my interest in estate $1,064.57," making a total of $9,202.57. After giving the above figures, the statement recited: "The above 'Present Estate' is subject to the payment of the amounts to be paid the annuitants, for relinquishment of their claims, the compensation to be paid executor and the costs to be made in surrogate court. My interest in the estate is for compensation due me as executor and trustee and as assignee and heir of two residuary legatees." The four mortgages and the certificate of deposit in the United States National Bank were all in proper form, and payable to Mr. Robinson in his official capacity as trustee. The last item, $1,064.57, covered moneys which Mr. Rob-

inson had collected as trustee, but which he had withdrawn from the assets of the trust estate under a claim that a portion of it was due to him for compensation as executor and trustee, and the other portion as assignee and heir of two residuary legatees. This item represents the money sought to be recovered in this action. The record shows that the only compensation which Mr. Robinson had received during his many years' service as trustee was an allowance which had been made to him by the New Jersey surrogate court in 1897, which would be about four years after his appointment as trustee; so that at the time of making the statement just prior to his death he had received no compensation for the last seven years or more of his service. While this fact is perhaps not very material, we speak of it as a moral justification on the part of Mr. Robinson in withholding what he thought was justly due him. His legal duty, of course, was to obtain from the surrogate court an allowance for his services, which amount he could have deducted from the money on hand. So far as anything was due him as assignee or heir of any of the residuary legatees of Mrs. Dunham, he would have been obliged to wait until the amount was ascertained and ordered paid. His withholding from the funds of the trust estate the sum in controversy was, therefore, as found by the district court, a conversion, for which there was an election of two remedies in behalf of the Dunham estate.

Counsel for plaintiff in his brief says: "Upon the facts disclosed, and the law of our state applicable thereto, the plaintiff had, before the death of Robinson, an election of remedies to enforce his claim to the money in dispute. He could either bring a suit in equity to impound the money while in the bank's possession, and have it declared trust money, or he could have sued Robinson for a conversion of the funds." He further says: "It is equally clear, as will now be shown that, after the funds were received by Mrs. Tower, as executrix of Robinson, the same remedies were available in behalf of the Dunham estate." In these unqualified statements we concur,

but we are unable to agree with counsel's next statement: *"While the fund was still in the bank,* it could have been reached by a suit in equity between the proper parties, and impressed with the trust to the extent of the $1,064.57." It was immaterial whether the fund was still in the bank or in the hands of Mrs. Tower as executrix. Until the money passed out of her hands as executrix, under the order of distribution entered by the county court, it was as much subject to being impounded and declared trust money as while it was in the bank.

Both of the remedies which existed for the benefit of the estate before Mr. Robinson's death survived, but the method of procedure under the latter became changed. Prior to the death of Mr. Robinson this remedy would have been by an ordinary action at law in the district court. After his death it could only be by filing a claim against his estate and the remedy at law thus enforced, as would be required of any other legal claimant. Comp. St. 1905, ch. 23, secs. 214, 226. The equitable remedy would be the same either before or after Mr. Robinson's death. As stated, Mr. Robinson died August 23, 1905. Mrs. Tower, defendant, was appointed executrix of his will September 5, 1905. On the same day the county court entered an order allowing creditors six months within which to file claims, and fixing October 23, 1905, December 31, 1905, and April 6, 1906, as days for hearing claims. Two months after her appointment, on November 8, 1905, Mrs. Tower, in answer to a letter received from plaintiff, Mitchell A. Robinson, who had not yet been appointed trustee, wrote to him as follows: "Your letter duly received, and in reply will say that the Dunham estate consists of mortgages on real estate in this county, except a certificate of deposit in the U. S. National Bank, all of which are in the name of William Robinson, Trustee. A new executor will have to be appointed, and papa's lawyer advises me that the simplest way is for some one of the legatees to file a petition in the surrogate court at Newark, presenting some one's name." It appears from this that the present plaintiff, knowing that Mr. Robin-

son was dead, had written to Mrs. Tower in relation to the estate; and by Mrs. Tower's letter his attention was called to the necessity of action on the part of Mrs. Dunham's legatees. All this was four months before the time for filing claims against the Robinson estate had expired, and ten months before the estate was finally closed and Mrs. Tower discharged as executrix, which was on September 10, 1906. During all of this time no attempt was made to pursue either of the remedies which existed in favor of the Dunham estate. Neither plaintiff nor any of the legatees appear to have made any move until the spring of 1907, when on March 9 plaintiff was by the orphans' court of Essex county, New Jersey, appointed trustee. Some correspondence then ensued between him and his attorney on the one side, and Mrs. Tower and her attorney on the other. Still another year was allowed to go by before proceedings of any kind were instituted, when on April 23, 1908, plaintiff filed in the county court of Sarpy county a petition to reopen the estate of William Robinson, "and for leave to file the claim herein sued upon as a claim against said estate." Over nine months more time was allowed to elapse, when on January 27, 1910, plaintiff filed an amended petition, to which on the next day a demurrer was sustained. On March 1, 1910, plaintiff dismissed his petition without prejudice, and on July 16, following, commenced the present action. The record discloses that at the time of Mr. Robinson's death the money in controversy was on deposit in the United States National Bank, on his individual account, subject to check; that after his death, and after the appointment of Mrs. Tower as the executrix of his will, she, as executrix, withdrew the money from the bank and redeposited it to her account as executrix, and that she inventoried it as a part of the assets of the estate. This money was held by her, as executrix, until September of the following year, when, on the order of the county court, it was distributed in accordance with the provisions of Mr. Robinson's will. No part of the money ever went into her hands as an individual. It was collected, re-

tained, and paid out by her in her official capacity as executrix. We are unable to discover any theory upon which Mrs. Tower's bondsmen could be held, as she had in all respects executed her trust under the order and direction of the court; and we think the district court rightly held that, by not pursuing either of the remedies existing in behalf of the Dunham estate until after the fund, the whereabouts of which was well known, had been dissipated by distribution, so that it could not be reached in equity, and until after the time for filing claims had elapsed and the estate had been finally closed, so that it could not be reached at law, plaintiff's action could not be maintained. This holding renders a consideration of the other points raised in plaintiff's brief unnecessary.

For the reason above stated, the judgment of the district court is

AFFIRMED.

BARNES, ROSE and SEDGWICK, JJ., not sitting.