MILDRED I. MERRILL, APPELLANT, V. FRANK A. PARDUN, EXECUTOR, ET AL., APPELLEES.

FILED DECEMBER 22, 1933. No. 28647.

*Kennedy, Holland & De Lacy* and *Ralph E. Svoboda*, for appellant.

*Charles T. Dickinson, contra.*

Heard before GOSS, C. J., ROSE and PAINE, JJ., and BEGLEY and HORTH, District Judges.

BEGLEY, District Judge.

This is an action in equity to declare and enforce a trust upon personal property passing by the will of Charles E. Brown, deceased, and to enforce an accounting with respect thereto. The plaintiff is the only child of Charles E. Brown, deceased, and the issue of his first marriage. The first wife of Charles E. Brown died in Marshalltown, Iowa, when the plaintiff was 12 years old. About 5 years later Charles E. Brown remarried. Of the second union there was no issue. The defendants are the residuary legatees and devisees and sisters and children of deceased sisters of the second wife, Margaret L.

Brown. Charles E. Brown died testate on the 10th day of August, 1921, a resident of Douglas county, Nebraska, leaving surviving him a second wife, Margaret L. Brown, then 67 years old, and the plaintiff, Mildred I. Merrill, then 58 years old. His last will and testament was admitted to probate in the county court of Douglas county, Nebraska, on September 10, 1921, and his widow, Margaret L. Brown, was appointed and qualified as executrix. The second paragraph of his will which is in dispute here is as follows:

"I give and bequeath to my wife, Maggie Brown, all the rest, residue and remainder of my property of whatever kind and wherever situated to be hers absolutely. It is my request, however, that any of said property remaining on the death of my said wife, shall go to my daughter, Mildred I. Merrill, to be hers absolutely and in case of her prior death then to her children, share and share alike."

On petition of the executrix, the estate was closed in county court on April 15, 1922, and the personal estate, amounting to $8,086.98, was turned over to Margaret L. Brown; the court finding that by the terms of said will "all of the property he (the testator) owned at the time of his death goes to his widow, Margaret L. Brown as sole devisee." Margaret L. Brown in turn died testate on the 4th day of February, 1929, leaving a last will and testament which was duly probated in Douglas county, Nebraska, by the terms of which she gave and bequeathed to her step-daughter, the appellant herein, Mildred I. Merrill, the sum of $1,000, and gave the remainder of her estate to other heirs and devisees therein named. The estate of Margaret L. Brown, at the time of her death, was of the estimated value of $19,249.65. The appellant brought this action in the lower court against the executor of the will of Margaret L. Brown, deceased, and the residuary legatees and devisees named in said will, comprising three living sisters and the children of two deceased sisters of Margaret L. Brown, deceased, alleging

that pursuant to administration of the estate òf Charles E. Brown, deceased, Margaret L. Brown, took unto herself the entire estate, and that under the terms of the will she took the proceeds of said estate only as a life tenant, with power to dispose of and use the principal thereof, as far as might be necessary and reasonable for her support, comfort and enjoyment; that the widow in turn by her will disposed of the proceeds of the estate derived from her husband's estate, contrary to the provisions of the will of Charles E. Brown, deceased, excepting to the extent of bequeathing $1,000 to the plaintiff; that by reason of the wrongful and fraudulent disposition of said property by said Margaret L. Brown, in violation of her fiduciary relation toward the plaintiff and in contravention to the right of the plaintiff in the property, the several defendants hold the property in trust for the plaintiff. The prayer is for a declaration of a constructive trust by the court in plaintiff's favor, an accounting and a decree setting over to the plaintiff such of the property left by the will of Charles E. Brown, deceased, and the increase and proceeds thereof, as remained unexpended and undisposed of by said widow, Margaret L. Brown, deceased, for her support, comfort and enjoyment, at her death.

The answer of the defendants and appellees challenges the right of the plaintiff to claim as a remainderman, after a life tenancy, and alleges full title in Margaret L. Brown in the property under the terms of the will of Charles E. Brown, deceased, and that the decree of settlement of final account entered, setting off to the widow, Margaret L. Brown, all of the property in the estate, cannot be attacked in a collateral proceeding.

A demurrer was interposed by plaintiff to this part of the defendants' answer, which was overruled, and later a trial was had on agreed statement of facts, and a decree was entered dismissing the plaintiff's petition. From this decree the plaintiff has appealed.

The decree specifically finds: (1) That the court had

no jurisdiction by reason of the decree or settlement of final account in the administration proceedings in the matter of the estate of Charles E. Brown, deceased, by the county court of Douglas county, Nebraska; (2) that by the will of Charles E. Brown, deceased, Margaret L. Brown acquired and became entitled to the entire estate of Charles E. Brown, deceased, as her sole and absolute property; (3) that the plaintiff acquired no interest whatever by the will of Charles E. Brown, deceased; (4) that it was not necessary to pass upon the question of the accounting presented by the pleadings.

The first error complained of by the appellant is the finding that the court had no jurisdiction by reason of the decree and settlement of final account in the estate of Charles E. Brown, deceased. It is settled in Nebraska that a district court has jurisdiction of a suit in equity for relief, based upon a breach of a constructive trust, even though the granting of such relief involves the interpretation of a will which has been admitted to probate. *Abbott v. Wagner,* 108 Neb. 359.

The county court has jurisdiction to construe wills when necessary for the benefit of the executor in carrying out the terms of the will, but has no jurisdiction to construe wills to determine rights of devisees or legatees as between themselves, and where under the terms of the will an executor can assign the property without a construction of the will and does not request a construction, the court has no authority to bind the heirs or legatees by any construction. *Youngson v. Bond,* 69 Neb. 356.

In this case the executrix asked no construction of the will in her final petition; no notice of same was given, and the court made this order without notice to the parties. Therefore the district court was not bound or estopped by any such order of the county court.

The next error complained of by the appellant is the finding of the lower court that Margaret L. Brown acquired and became entitled to the entire estate of Charles E. Brown, deceased, as her sole and separate property.

This involves a construction of the second paragraph of the will. The first sentence of the paragraph, standing alone, gives the property to Margaret L. Brown absolutely, while the second clause contains a request that any property remaining at her death shall go to his daughter, Mildred I. Merrill, to be hers absolutely, and, in case of her prior death, then to her children. The general rule under the common law is that, where an estate in fee simple is given in one clause of a will, subsequent clauses attempting to cut down said estate would be void; but in Nebraska, on account of the peculiar provisions of our statute regarding the intentions of the testator, in construing a will it is held that, where a will in one clause makes an apparently absolute bequest of property, but in a subsequent clause makes a further bequest of the remainder after the death of the legatee taking under the first clause, the two clauses are to be construed and considered together to ascertain the true character of the estate in fact granted by the first clause; and in such case, contrary to the ancient rule at common law, the second clause is effective and operative to define and limit the estate granted by the first to and as a life estate with power of disposition, and the second is effective and operative to grant an estate in remainder in the unused, unexpended or undisposed property granted for life by the first. *In re Estate of Darr*, 114 Neb. 116; *Krause v. Krause*, 113 Neb. 22; *Heyer v. Heyer*, 110 Neb. 784; *Grant v. Hover*, 103 Neb. 730.

The appellee, however, contends that the word "request" in the second sentence of the foregoing clause is merely a word of recommendation which was complied with to the extent of bequeathing $1,000 to the plaintiff, Mildred I. Merrill. The question as to when a trust may be implied where precatory expressions are employed is one which has caused considerable difficulty in the courts and is the subject of an extended annotation in 49 A. L. R. 10. In the case of *In re Hochbrunn's Estate*, 138 Wash. 415, 49 A. L. R. 7, the court said: "Where a person

makes a special request of another who is independent of him, it may be altogether ignored; but if in making a bequest to him capable of being fulfilled, and, in the same instance, specially requests that a portion of it be paid to another at a time sufficiently definite, the courteous language used makes it no less imperative than if he had commanded or ordered it to be paid. There is no technical meaning of the words 'special request,' or even the simple word 'request,' inconsistent with its being a common word that any one, whether layman or lawyer, may use in his will to express his intention of imposing an obligation."

In determining what the testator meant by the word "request," we have to take into consideration the situation of the parties at the time. The testator in this case was married a second time. He had no children of the second marriage, but he had one daughter by a former marriage. He desired to provide for his wife during her lifetime, and the necessary inference would be taken that he then desired that his property go to his blood relations. His daughter being his nearest of kin, he therefore made this bequest to his wife, and then requested that so much thereof as remained at her death should be given to his daughter. The use of the word "request" in a disposition by will limiting an apparently absolute bequest to a widow does not imply that it is optional, discretionary or recommendatory, particularly when the context of the will does not demonstrate an alternative choice or option in the pursuit of a recommendation or an exercise of discretion, but if it is definite as to a person and quantum of estate, if there was no clear discretion or choice, if the person benefited is a natural object of the testator's bounty, and if the person affected by the limitation is in close or fiduciary relation to the testator as a widow, the use of the word "request" imports, although in courteous and polite form, a command or direction, imperative and dispositive in legal effect. It therefore is a bequest to his daughter, Mildred I. Merrill, of all property

remaining on the death of his said wife, to be hers absolutely. *Smullin v. Wharton,* 73 Neb. 667, 690; *In re Estate of Combs,* 117 Neb. 257; Thompson, Construction of Wills, sec. 559.

We therefore find that under the terms of the will of Charles E. Brown, deceased, Margaret L. Brown, his widow, was entitled to a life estate only in his property, with power to dispose of and use the principal so far as same might be necessary and reasonable for her support, comfort and enjoyment, and that so much of said property remaining at the death of said Margaret L. Brown should go to the appellant, Mildred I. Merrill, his daughter, to be hers absolutely, and a trust will be enforced in said remainder in favor of appellant.

The decree of the district court is therefore reversed and the case remanded to the district court, with directions for an accounting between the parties hereto.

REVERSED.