IN RE ESTATE OF FRED STIEBER.
ETTA MAY VANDERLIP ET AL., APPELLEES, V. CHRISTIAN O. SCHLYTERN, ADMINISTRATOR, ET AL., APPELLANTS.

296 N. W. 336

FILED FEBRUARY 7, 1941.   No. 30738.

*Holeman & Holeman,* for appellants.

*George I. Craven, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ., and TEWELL, District Judge.

TEWELL, District Judge.

Two separate actions were consolidated for trial in the district court for Lancaster county, and a separate final decree rendered in each cause. An appeal to this court was taken from each of such decrees, but both causes were argued and submitted to this court together. A disposition of each of such appeals is made herein. One of these actions was brought to partition real estate. It will be considered first.

Fred Stieber, sometimes herein called the testator, died testate and without issue on April 12, 1930. His last will was admitted to probate in Lancaster county on May 29, 1930. This will provided for the payment of his debts and expenses of burial and then contained paragraphs as follows:

"II

"One-third of the rest, residue and remainder of my property remaining after payment of debts and expenses as above provided, * * * I give, devise and bequeath same to my wife Almeda Stieber, for the period of her natural life, and upon her death so much thereof as shall remain, I give, devise and bequeath to her children, Etta May Vanderlip and Charles L. Ruckle, share and share alike, to them and to their heirs.

"III

"The remaining two-thirds of said residue, I give, devise and bequeath to my brother, Frank Stieber * * * my sisters, Katie Furst * * * Maggie Jensen * * * and Annie Amos, * * * share and share alike, to them or the survivors of them."

All persons whose names appear as beneficiaries in said will survived the testator. Subsequent to the death of such testator, Katie Furst, above named, died intestate while a widow, leaving six children as her only heirs. Annie Amos, named in said will, also died intestate subsequent to the death of said testator, and left surviving as her only heirs her husband, Frank Amos, and one son. Frank Stieber and Maggie Jensen, named in said will, the six children of said Katie Furst, deceased, and the husband and son of said Annie Amos, deceased, together with the spouse of such of them as are now married, became plaintiffs in the amended petition filed in this action for partition of all real estate of which said testator died seised. Almeda Stieber, named in said will as the wife of the testator, is the sole defendant in such action. Etta May Vanderlip and Charles L. Ruckle, each of them named in said will, and each of them a child of Almeda Stieber by a former marriage, were not made parties to such action. On June 27, 1930, the widow, Almeda Stieber, filed her election to take under the statutes governing descent. In the amended petition, filed in this partition action on February 11, 1936, it was alleged, in substance, that the effect of such election by said Almeda Stieber was to cause an undivided one-half of the estate of said testator plus homestead rights to pass to his widow, and an undivided one-half thereof subject to homestead rights to pass to Frank Stieber, Katie Furst, Annie Amos and Maggie Jensen, named in said will, share and share alike. On February 14, 1936, with the knowledge and consent of the attorneys for all parties to the partition action, a decree was entered therein by which the interests of the various parties in the real estate involved were fixed in the ratio alleged in said amended petition, and by which a referee was

appointed to make partition. The effect of this decree was to deny Etta May Vanderlip and Charles L. Ruckle, named in said will, any interest in said real estate, without their being parties to this action. After approval of a report of the referee to the effect that partition in kind could not equitably be made, a sale of all land involved was ordered. The real estate consisted of several tracts, a portion of which is located in each of the counties of Buffalo, Gage and Lancaster. Sale was duly made of all tracts involved, except the tract constituting the defendant Almeda Stieber's homestead, each tract being advertised for sale and sold in the county in which it is located. At the various sales Etta May Vanderlip became the purchaser of each tract sold. She paid nothing to the referee at the time of sale, although the sale notices called for 10 per cent. of the sale price at the time of sale. Report of such sales was filed by the referee on June 4, 1936, and on June 13, 1936, upon motion of the plaintiffs, and with knowledge of attorneys for all parties, all sales were confirmed by the court and the referee ordered to "complete said sales by delivering good and sufficient deeds and abstracts to said purchaser." About sixteen months later, and on October 19, 1937, Frank Stieber, who was only one of the plaintiffs, filed a motion in this action by which he asked, among other things, that the confirmation of sale be set aside, and resale had at cost of Etta May Vanderlip, the purchaser, and that such purchaser be made to pay the deficiency, if any, between the purchase price at the new sale and that at the prior sale. On April 16, 1938, an order was entered purporting to set aside the order directing sale, entered March 5, 1936, and the order of confirmation entered June 13, 1936. This order was made merely upon said motion of Frank Stieber. On April 30, 1938, Etta May Vanderlip filed a motion by which she asked that the order of April 16, 1938, above mentioned, be Vanderlip filed what she termed an answer to motion and vacated. On May 14, 1938, an order was entered vacating the order of April 16, 1938, and setting the application of Frank Stieber for hearing. On June 4, 1938, Etta May

application, and by which she alleged an ownership of an interest in the real estate involved in herself and her brother, Charles L. Ruckle, by virtue of the said will of said testator, and by which she asked to be released from her purchases at the sales held in this action, without cost or expense to herself, on account of the defect in necessary parties to the action. On February 2, 1939, after a hearing, the trial court entered an order purporting to release Etta May Vanderlip from each and all of her purchases at said sales without cost or liability to her on account of a lack of necessary parties to the partition action and inability of the referee to convey merchantable title to her. The appeal from this last mentioned order by one of the plaintiffs and by the executor of the estate of said Fred Stieber, deceased, is the matter now before this court in such partition action.

The question presented in the action for partition involves a construction of the above quoted provisions of the will of Fred Stieber, deceased, along with a consideration of the facts above stated. One contention of the appellants is that such will devised an undivided one-third interest to Almeda Stieber in fee, on account of the remainder over to Etta May Vanderlip and Charles L. Ruckle being limited in amount by the words "so much thereof as shall remain." In this contention the appellants argue that such clause gave a power of disposition or sale of the one-third given Almeda Stieber to the first taker, and thereby causes the remainder over to her children to be repugnant to the devise to the first taker and therefore void. To support this contention the appellants cite, among others, the following cases: *Hall v. Palmer*, 87 Va. 354, 12 S. E. 618; *Farish v. Wayman*, 91 Va. 430, 21 S. E. 810; *Rodenfels v. Schumann*, 45 N. J. Eq. 383, 17 Atl. 688; *Bradley v. Carnes*, 94 Tenn. 27, 45 Am. St. Rep. 696; *Young v. Hillier*, 103 Me. 17, 67 Atl. 571; *Methodist Church of Monmouth v. Fairbanks*, 124 Me. 187, 126 Atl. 823; *Spencer v. Scovil*, 70 Neb. 87, 96 N. W. 1016. Some of these cases deal with the effectiveness of a conveyance by the first taker, who was given power of sale, to cut off the rights of the remainderman. No such ques-

tion is here involved. We are unable to agree with this contention of appellants. The law of Nebraska favors the early vesting of estates, and when consistent with the intent of the testator the court will construe a will so as to vest the estate immediately, even though such estate may be subject to being divested later by some contingency. *Davis v. Davis,* 107 Neb. 70, 185 N. W. 442; *Drury v. Hickinbotham,* 129 Neb. 499, 262 N. W. 37. That the intent of the testator as disclosed from the entire will must be given effect, so far as such intent is consistent with rules of substantive law, has many times been held by this court. Plainly the intent of the testator in this case was to give one-third of his estate to his widow during her life, with power of sale, and that upon her death such part of such one-third as was then remaining should go to her two children in fee. Even though the words "so much thereof as shall remain" be construed as giving the life tenant a power to convey the estate during her life, and thereby to divest her two children of their fee, yet there is nothing in such an expressed intent of the testator that is inconsistent with any rule of law. *Abbott v. Wagner,* 108 Neb. 359, 188 N. W. 113; *Merrill v. Pardun,* 125 Neb. 701, 251 N. W. 834; *Drury v. Hickinbotham, supra.*

The appellants contend, in case the widow did not take a fee title, that the brother and three sisters of the testator, named in said will, are shown by the will to be preferred objects of the testator's bounty to such an extent as to cause the court not to apply the doctrine of acceleration of remainders, and to declare that the estate that the widow renounced by her election, namely, an estate for the life of the widow in the one-sixth interest left to the remaindermen, should go to enlarge the estate left to such brother and sisters after such election, in order to carry out the intent of the testator. The appellants cite *Meek v. Trotter,* 6 Thompson (Tenn.) 145, 180 S. W. 176; *Estate of Vance,* 141 Pa. St. 201, 21 Atl. 643; *Trustees Church Home v. Morris,* 99 Ky. 317, 36 S. W. 2. It has been held that a testator is presumed to know that his widow may renounce his will

and elect to take by descent. *In re Estate of Hunter,* 129 Neb. 529, 262 N. W. 41; *Hill v. Hill,* 90 Neb. 43, 132 N. W. 738. It has also been held that the election of a widow to renounce the provisions of the will of her deceased husband, and to take by statute, ordinarily does not render the will inoperative. *In re Estate of Grobe,* 101 Neb. 786, 165 N. W. 252; *In re Estate of Hunter, supra.* We see nothing in the record in this case to call for the application of any doctrine of sequestration such as asked by appellants. The will gave each person named therein, other than the widow, an undivided one-sixth of the estate, with the widow's life estate carved out of the shares of her two children. By the widow's election the share of each of the others was reduced to a one-twelfth interest. What may have been the social relationship between the testator and his brother or any of his sisters, or between the testator and either of the remaindermen, is not disclosed by the record. The ages of none of the parties, or how they lived with relation to each other, the record does not disclose. Neither the evidence nor the will itself discloses any sufficient reason to cause one to believe that the brother and three sisters were special objects of the testator's bounty. We do not deny the existence of a doctrine of sequestration such as contended for by the appellants, but it must not be used to defeat the acceleration of a remainder upon termination of a life estate, by an act other than the death of the life tenant, except where necessary to effectuate what is shown to be the testator's intent. The doctrine of acceleration of the time of the enjoyment of a remainder that is subject to a life estate by the termination of such life estate by an act other than the death of a life tenant, such as an election of a widow to take by statute, will ordinarily be applied to cases in which such election results in a diminution of the beneficial interests of the other beneficiaries in substantially the same proportion. *In re Povey's Estate,* 271 Mich. 627, 261 N. W. 98; *McCollum v. McCollum,* 108 Neb. 82, 187 N. W. 783. An interesting discussion of situations in which such doctrine of acceleration of remainders will not be applied, and in

which the doctrine of sequestration contended for by appellants will be applied, is found in *Sellick v. Sellick*, 207 Mich. 194, 173 N. W. 609, 5 A. L. R. 1621. It will be seen from the above that upon the death of the testator and after the widow's election to take by statute, the parties named in said will, assuming all then still living, owned the real estate involved in the following proportions, to wit: Almeda Stieber, the widow, an undivided one-half interest and whatever homestead rights existed; Frank Stieber, Katie Furst, Maggie Jensen and Annie Amos, an undivided one-third interest, under the terms of the third paragraph of said will, subject to said homestead rights, and Etta May Vanderlip and Charles L. Ruckle each an undivided one-twelfth interest in fee subject to said homestead rights.

The question now remaining is that of whether Etta May Vanderlip should be released from her purchase under the facts above stated and the holdings above made. That a defect in parties to this action exists is true. However, the purchaser herself owns one-half of the interest not owned by the plaintiffs and the defendant. The record title to the real estate involved at the time of her purchase gave full notice of all facts that make other parties to the partition action necessary. At the time of each sale she caused checks for 10 per cent. of the purchase price to be given the referee, but cash could not be procured upon them. About sixteen months elapsed after the date of sale before she complained of any defect in title. No order distributing the proceeds of the sale or fixing the amount that any person owning an interest shall receive has been made. While the whereabouts of Charles L. Ruckle is said to be unknown, such fact and other facts shown in the record do not offer any substantial barrier to such proceedings in this action as will enable the referee to convey to her a merchantable title. Nearly five years have passed since the dates of her purchases. The cost of sales in three counties are considerable. When a defect in a title to real estate in an action for partition is of such a nature that it may be removed by further proceedings in such action without injustice to a

purchaser at a sale had therein, such purchaser should not be released from his bid merely on account of such defect. *Kummer v. Kummer*, 112 Neb. 220, 199 N. W. 35. From the record before us, we can see no injustice in refusing to release the purchaser of her bid, if the plaintiffs, with reasonable promptness, by further proceedings in this action make all parties having an interest in the real estate a party hereto and cause the purchaser to be tendered the title she purchased. In this connection we desire to point out that the record shows that Frank Stieber died on November 8, 1937, and that proceedings to revive have not been had. This should be done before a resale of the property. A resale of the property after all necessary parties have been made parties hereto, to enforce the purchaser's bid, or on application of the parties in case the real estate has advanced in value, is not intended to be prevented by any statement made herein.

We come now to a consideration of the other action that was consolidated with the partition action above discussed for trial, and for presentation to this court. This action was instituted by a pleading filed in the county court in the proceedings that were being had to probate the estate of Fred Stieber, deceased. Such pleading was designated as "Application For Construction Of Will," and was filed on September 23, 1937, by Christian O. Schlytern, as the then acting executor of said estate. He was the sole applicant in such pleading. Said executor pleads the controversy existing between the devisees under the will above mentioned, that all debts have been paid, that the various parties in said partition action were making demands upon him, and in general sets up reasons for his desiring the aid and direction of the probate court. No prayer other than for a construction of the will is made. On October 21, 1937, a hearing was held upon the said application of said executor, apparently without any answer or objection being filed. The decree of the probate court recites that Etta May Vanderlip and Charles L. Ruckle and the brother and three sisters of the testator were represented by counsel. This

decree construed the will of said Fred Stieber, deceased, in such manner as to deny Etta May Vanderlip and Charles L. Ruckle any interest in the estate of the testator. Etta May Vanderlip and Charles L. Ruckle perfected an appeal to the district court for Lancaster county, and there filed their petition on appeal. Said Christian O. Schlytern filed an answer to such petition. As above set forth, this cause was consolidated with the partition action above mentioned for trial. The district court upon such appeal entered a decree by which the will was so construed as to create the same estates as the construction given by us in the partition action above discussed. The appeal to this court from such decree was by Christian O. Schlytern. Pending the appeal in this court said Schlytern was succeeded as executor by Bernard Maxey, who has been substituted in this court as a party in lieu of said Schlytern.

A county court in Nebraska in the exercise of its probate jurisdiction, as a distinct and independent branch of jurisdiction, has no power to construe wills. *Andersen v. Andersen,* 69 Neb. 565, 96 N. W. 276; *Lesiur v. Sipherd,* 84 Neb. 296, 121 N. W. 104; *Youngson v. Bond,* 69 Neb. 356, 95 N. W. 700. Under the record in this case, the construction of the will by the probate court was not incident to distribution of the estate, but solely for the benefit of the executor in advance of any distribution. Such a decree bound no one, but could only be for the guidance of the executor. No appeal from such decree would lie, and the district court acquired no jurisdiction on appeal.

For reasons above stated, the decree of the district court in the action to partition real estate is reversed for further proceedings in conformity to this opinion. Costs of appeal in said action are taxed to Etta May Vanderlip. The decree of the district court in the action, or proceedings, begun in the county court is reversed, with instructions that such proceedings be dismissed. Costs of appeal in such action taxed to Etta May Vanderlip and Charles L. Ruckle.

REVERSED AND REMANDED.