IN RE TRUST ESTATE OF WILLIAM P. MYERS, DECEASED. THE OMAHA NATIONAL BANK, SUCCESSOR TRUSTEE OF THE TRUST ESTATE OF WILLIAM P. MYERS, DECEASED, AND T. PORTER BENNETT, APPELLANTS, v. RUTH W. DENNIS ET AL., APPELLEES.

37 N. W. 2d 228

Filed April 29, 1949. No. 32563.

*Wiltse & Wiltse, Homer G. Wiltse, Brown, Crossman, West, Barton & Quinlan,* and *Raymond M. Crossman, Jr.,* for appellants.

*Archibald J. Weaver,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

On December 26, 1904, William P. Myers made and executed a will. He died testate January 17, 1905. He left surviving him Helen E. Myers, widow, Miranda S. Myers and Martha W. Myers, daughters, and Lawrence W. Myers, a son. An executor was named in the will. It was provided that the executor should be trustee of the estate. Provision was made for action by successor trustee or trustees in case of unwillingness or inability of the designated executor to act as trustee.

Except as to specific disposition of a small portion thereof the estate was placed in trust with the executor for the period covered by the life of the last survivor of the widow and three children and for 20 years thereafter. These four were beneficiaries of the income of the trust in their respective lifetimes in a manner and to a degree not necessary to be mentioned here. It is important however to point out here that by the terms of the will no one of these was capable of at any time receiving any part of the body of the trust. The will provided that upon the expiration of 20 years after the death of the four the estate should vest absolutely in the issue of the children or the descendants of such issue.

The will made no provision for disposition of the trust estate in case of failure of issue and descendants of issue of the three children of the testator.

The grant of the trust as it appears in the will is the following:

"I give, bequeath, will and devise unto my executor named in this will, who is to be trustee of my estate, and to his successors, in trust for the use and benefit of my beloved wife, Helen E. Myers, and my beloved children, Miranda S., Martha W. and Lawrence W. Myers, as provided and directed in this will, all the property of which I die seized whether personal, real or mixed."

The estate was probated in the county court of Richardson County, Nebraska, and the named executor qualified as executor and acted as trustee of the estate until his death, when the Omaha National Bank was designated successor trustee by the county court. The estate was at all times administered pursuant to the terms of the will and under the control and jurisdiction of the county court. While it is a matter of no consequence in the determination of the questions involved herein, it appears that for a time Lawrence W. Myers and Miranda S. Bennett acted as joint trustees.

Helen E. Myers did not again marry. She died November 6, 1906. Martha W. Myers did not marry. She died October 30, 1925. Lawrence W. Myers did not marry. He died November 9, 1942. Miranda S. Myers was married to T. Porter Bennett. She died without issue on August 31, 1947. On the death of the last survivor of the three children of the testator there was left no issue or survivor of issue.

After the death of Miranda S. Myers Bennett, Ruth W. Dennis, Lawrence M. Weaver, and Archibald J. Weaver filed a petition in the probate proceeding wherein the will of the testator had been probated setting forth substantially that the purposes of the trust had terminated with the death of said Miranda S. Myers Bennett

and, since there was no one designated by the will to take, the trust should be terminated and the corpus thereof distributed to those entitled thereto. They alleged that they, together with a large number of other persons some of whom are grandchildren of Martha A. Weaver, a deceased sister of the testator, and some of whom are grandchildren of Frederick Benham Myers, a deceased brother of the testator, are the persons entitled to distribution. They prayed for termination of the trust and distribution in accordance with the alle- gations of the petition.

To this petition the Omaha National Bank, successor trustee, filed an answer and cross-petition. With regard to both the answer and cross-petition it alleged that the county court was without jurisdiction to try the question of termination of the trust and distribution of the corpus of the trust and that the district court has exclusive original jurisdiction of those matters. It also contended that the trust was not subject to termination except at the expiration of the trust period as fixed by the terms of the will.

Otherwise to the extent that it needs to be referred to here the answer was a general denial.

By the cross-petition the successor trustee asked instruction as to the care and disposition of the income of the trust property; it asked for a construction of the will and an adjudication as to ultimate distribution of the corpus of the estate; it asked for an interpretation and application of the Administrative Trust Act in several particulars; and it further asked for instructions with regard to administration of the trust pending the determination of the matters involved in this proceeding. The prayer conformed to the allegations of the answer and cross-petition. Otherwise the prayer was for dismissal of the petition and for equitable relief.

Notice to all parties concerned and not before the court was given by publication.

A hearing was had and judgment rendered by the

county court. It was adjudged that the county court had jurisdiction over the subject matter; that the trust set up by the will was terminated; that the successor trustee holds the trust estate upon a resulting trust for the heirs of the testator as of August 31, 1947; that the heirs as of that date are the descendants of Martha A. Weaver, deceased, and Frederick Benham Myers, deceased; and distribution was allocated. There was also a judgment upon the matters on which the successor trustee sought instruction but the details in this respect are not of importance here since this phase of the litigation was not in dispute in the district court and is not in dispute here.

From the judgment of the county court T. Porter Bennett, husband of the deceased Miranda S. Myers Bennett, and the successor trustee perfected an appeal to the district court.

In the district court on appeal T. Porter Bennett filed pleadings wherein he sought termination of the trust as of the date of the death of his wife and distribution of one-half of the corpus of the trust to him.

The contention of the pleadings was that since the will made no provision for anyone to take in case of the death of the three children without issue and the three having died without issue that the corpus of the trust should pass as intestate property as of the death of the testator.

It should be pointed out here that the widow of the testator as well as his three children died intestate.

The effect of the pleadings of T. Porter Bennett was to say that the corpus of the trust passed under the laws of descent and distribution as of the date of the death of the testator first to all the heirs and from each as he or she died to those remaining until in the end it came in whole to Miranda S. Myers Bennett, and then on her death without issue he as her husband and heir became entitled to one-half of it.

Ruth W. Dennis, Lawrence M. Weaver, Arthur J.

Weaver, and others of this class filed a petition renewing the claims made by Ruth W. Dennis, Lawrence M. Weaver, and Archibald J. Weaver in their petition in the ·county court.

The substantial difference between their contention and that of T. Porter Bennett is that they contend that the corpus of the trust passed to those in the status of heirs of the testator at the date of the death of Miranda S. Myers Bennett whereas T. Porter Bennett contends that it passed to the heirs of Miranda S. Myers Bennett.

The successor trustee filed an answer and cross-petition substantially the same as was filed in the county court.

Issues were joined and a trial was had to the court and decree entered. The decree to the extent necessary to be noted here was substantially the same as the judgment of the county court as hereinbefore set out.

The appeal here is by the successor trustee and T. Porter Bennett.

The first question requiring consideration here is that of jurisdiction. It is the contention of the successor trustee that the county court had no jurisdiction over the interpretation of the trust provision of the will and the disposition of the corpus of the trust but that the district court has original and exclusive jurisdiction thereof; and that the county court not having had such jurisdiction the district court was without jurisdiction on appeal.

The question of jurisdiction does not go to the matters on which the successor trustee asked instructions from the county court and later on appeal from the district court and there being no error assigned here in those respects the decree to that extent shall be treated as not appealed from and as remaining in full force and effect, or affirmed. This is proper since these were matters over which the county court clearly had jurisdiction.

If the county court had no jurisdiction over the matter of the interpretation of the trust provision and the dispo-

sition of the corpus of the trust it follows that the district court had none on appeal from the county court. It was said in In re Estate of Wilson, 97 Neb. 780, 151 N. W. 316: "An appeal, therefore, from the county court to the district court gives that court no general equitable jurisdiction."

On the questions of the interpretation and application of instruments creating trusts, the determination of the rights of rival claimants to the corpus thereof, and subjects of like import this court has repeatedly held that the county court is without jurisdiction and that the jurisdiction thereover resides in the district court. The theory of the cases is that such matters are equitable in character and require in case of controversy the intervention of a court of equity; and that by Constitution, and inherently, the district court has exclusive original jurisdiction in equity.

Article VI, section 9, of the Constitution of 1875, insofar as it was applicable to the matter involved herein was the following: "The district courts shall have both chancery and common law jurisdiction, and such other jurisdiction as the legislature may provide; * * *." This provision has not been changed and it now appears in Article V, section 9, of the Constitution. This provision was quoted in Lacey v. Zeigler, 98 Neb. 380, 152 N. W. 792, and commented upon in the opinion as follows: "The equitable jurisdiction of the district court is therefore beyond the power of the legislature to limit or control. It may give the district court 'such other jurisdiction' as it may deem proper, but it cannot take away from such court its broad and general jurisdiction in chancery which the constitution has conferred upon it."

In Gotchall v. Gotchall, 98 Neb. 730, 154 N. W. 243, it was said: "Appellant contends that the district court has no jurisdiction, the action being within the sole original jurisdiction of the county court. We are of a contrary view. The construction of the will is only incidental to the real purpose of the action, which was

to declare a trust in the administrator, to determine the extent of the duties of the trustee, to settle the question as to whether a life estate in the land existed in George Gotchall, and to recover possession for the trustee. Under section 16, art. VI of the Constitution, the county court has no jurisdiction to determine such issues."

In Matteson v. Creighton University, 105 Neb. 219, 179 N. W. 1009, it was said: "Under the state Constitution, district courts have equity jurisdiction, and it may be exercised without legislative enactment."

In In re Estate of Frerichs, 120 Neb. 462, 233 N. W. 456, it was said: "Had there been such a showing in the county court, there might have been a different order there; for, while that court has exclusive original jurisdiction of estates, yet 'In exercising that jurisdiction it may incidentally determine equitable questions, but the county court has no general equitable jurisdiction.'" The quotation within the pronouncement is from In re Estate of Wilson, *supra.*

In Burnham v. Bennison, 121 Neb. 291, 236 N. W. 745, it was said: "Indeed, this court is committed to the view that, not only is equity jurisdiction conferred by the terms of the Constitution, but as thus conferred it is beyond the power of the legislature to limit or control. That, while the legislature may grant such other jurisdiction as it may deem proper, it cannot limit or take from such courts their broad and general jurisdiction which the Constitution has conferred upon them. * * * One of the well-recognized grounds of equity jurisdiction thus conferred on, and available in, courts of this state, by virtue of this constitutional provision, is the supervision of the administration of trusts." See, also, John A. Creighton Home v. Waltman, 140 Neb. 3, 299 N. W. 261.

This court has said: "The county court has jurisdiction to construe wills when necessary for the benefit of the executor in carrying out the terms of the will, but has no jurisdiction to construe wills to determine rights

of devisees or legatees as between themselves, and where under the terms of the will an executor can assign the property without a construction of the will and does not request a construction, the court has no authority to bind the heirs or legatees by any construction." Merrill v. Pardun, 125 Neb. 701, 251 N. W. 834; Jones v. Shrigley, 150 Neb. 137, 33 N. W. 2d 510.

This court has also said: "The construction of the will in such a case (in probate court), is for the information and benefit of such executor or administrator only, in order to advise him what course to pursue. It adjudicates nothing beyond his rights and liabilities in the execution of his office; controversies between adverse claimants under the devise or between the executor or administrator and persons claiming adversely to the estate, will not be affected thereby." Youngson v. Bond, 69 Neb. 356, 95 N. W. 700; Jones v. Shrigley, *supra*.

It has been suggested that in the opinion in In re Estate of Grblny, 147 Neb. 117, 22 N. W. 2d 488, this court expressed a view contrary to those expressed in the cases cited and quoted from herein. We think the opinion therein may not be so interpreted. In that opinion the provisions of article 18, chapter 30, R. S. 1943, relating to jurisdiction of the county court over testamentary trusts were considered and discussed but the court went no further than to say that the county court and the district court have concurrent jurisdiction in supervision over the administration of testamentary trusts.

Supervision over the administration of a testamentary trust is not involved in that portion of this case which has come here on appeal but, to the contrary, involved here is the interpretation of a will setting up an express testamentary trust; a declaration upon the period of its existence; the question of whether or not a resulting trust came into being on the death of the last survivor of those having a beneficial interest in the express trust; and a determination of interested parties and interests of

such parties on an appropriate adjudication of the issues presented.

We conclude that the county court was without jurisdiction to determine the issues which have been presented by this appeal and for that reason the district court was without jurisdiction on appeal.

This conclusion we think correct notwithstanding from reading the opinion in In re Estate of Mooney, 131 Neb. 52, 267 N. W. 196, it appears that this court determined similar issues on a like procedure. In that case the question of jurisdiction was not called to the attention of this court and obviously for that reason it was overlooked.

For want of jurisdiction as is indicated as to the subjects presented by the appeal the decree of the district court is reversed.

REVERSED AND REMANDED.