GEORGE W. DEWITT ET AL., APPELLANTS, v. HENRY SAMPSON ET AL., APPELLEES.

64 N. W. 2d 352

Filed May 14, 1954.   No. 33486.

*McKillip, Barth & Blevens*, for appellants.

*Kirkpatrick & Dougherty* and *Dryden, Jensen & Dier*, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action in equity by 15 plaintiffs who are residuary legatees of the estate of Laura Sampson, deceased, by 12 plaintiffs who are the spouses respectively of 12 of the legatee plaintiffs, and by Robert T. Cattle, executor of the last will and testament of Laura Sampson, deceased, against Henry Sampson, individually, Susan Belle Gadeke, Homer T. Gadeke, Henry Sampson, administrator de bonis non with the will annexed of the estate of Theodore C. Sampson, deceased, and 13 other defendants. The defendants Henry Sampson, Susan Belle Gadeke, and Homer T. Gadeke will be hereinafter referred to for convenience of identification as appellees and the other defendants simply as defendants. Seven of these are children of designated legatees named in the will of Laura Sampson, deceased, and the other six are spouses respectively of six of the seven. Henry Sampson is a brother of Theodore C. Sampson, deceased, and Susan Belle Gadeke is the daughter of a deceased sister of Theodore C. Sampson. These two, according to the petition, are the remaining residuary legatees of Theodore C. Sampson. Homer T. Gadeke is the husband of Susan Belle Gadeke.

By the cause of action pleaded the plaintiffs seek to have the will of Theodore C. Sampson construed and, on the basis of the construction which they seek, to have title to what they contend to be the assets of the estate of Laura Sampson, deceased, quieted in them as legatees of the estate of Laura Sampson.

In order that confusion may be avoided it should be. borne in mind that from the standpoint of succession in any capacity the plaintiffs are strangers to the estate of Theodore C. Sampson.

The pertinent facts as disclosed by the petition are that Theodore C. Sampson and Laura Sampson were husband and wife. In his lifetime Theodore C. Sampson made a will. In that will he set up what he termed two trusts both in favor of Laura Sampson, his wife. The provisions setting up the two so-called trusts are the following:

"Subject to paragraph ONE, of this my last will and testament, I give, devise, and bequeath to my beloveth wife, Laura Sampson, in trust for the following purposes, the sum of $10,000.

"1 - She shall pay to herself all of the income from this trust estate during her life time.

"2 - She shall have the right and power during the life of this trust, to sell and convey all or any part, either of the real estate or personal property; and turn the same into money. And all such money received, she shall be allowed to invest or re-invest, in any security or real estate she sees fit so to do, without the consent of any court of law, or any person or persons whatsoever.

"3 - She shall not be required to make any report or accounting of this trust to any court of law or to any person or persons whatsoever."

"Subject to paragraphs ONE and TWO of this my last will and testament, I give, devise and bequeath all of the remainder of my said estate, either real, personal or mixed to my beloveth wife, Laura Sampson, in trust for the following purposes:

"1 - She shall pay to herself all of the income from this said trust estate, to herself during her life time.

"2 - She shall have the right to pay to herself any part or all of the principal, in case she should need the same for her own comfort, during her life time.

"3 - She shall not be required to make any report or accounting of this trust estate to any court or to any person or persons whatsoever.

"4 - She shall have the right and power during the life time of this trust to sell and convey all or any part,

either of the real estate, personal property or securities and turn the same into money. And all such money received, she shall be allowed to invest or re-invest in any securities or real estate she sees fit, without the consent of any court or any person or persons whatsoever."

As to the disposition of the first trust after the death of Laura Sampson, the following appears in the will:

"After the death of my beloveth wife, Laura Sampson, I desire that the trust estate created in paragraph TWO, of this my last will and testament, shall cease, and the trust estate of $10,000 shall be divided as follows:—

"One third to my sister Florence Slonecker of Los Angeles, California.

"One third to my brother Henry Sampson of Lincoln, Nebraska.

"One third to my sister Anne Moore of Seward, Nebraska."

"It is my will and desire that in case any of the legatees mentioned in paragraph THREE, of this my last will and testament, should not survive me, and leave no living child or children, then in that event the above bequest left to that legatee shall lapse; and his or her proportional share shall be divided equally between the living legatees named. But in case the said legatee shall die before me, leaving a living child or children, then his or her proportional share shall be divided between the children share and share alike."

As to the disposition of the second trust after the death of Laura Sampson, the following appears:

"After the death of my beloveth wife, Laura Sampson, I desire that the trust estate created in paragraph FIVE, of this my last will and testament, shall cease and any and all balances, whether real, personal or mixed assets, shall be divided as follows:

"One third to my sister Florence Slonecker of Los Angeles, California.

"One third to my brother Henry Sampson of Lincoln, Nebraska.

"One third to my sister Anne Moore of Seward, Nebraska."

"It is my will and desire that in case any of the legatees mentioned in paragraph SIX of this my last will and testament, should not survive me, and leave no living child or children, then in that event the above bequest left to that legatee shall lapse; and his or her proportional share shall be divided equally between the living legatees named. But in case the said legatee shall die before me, leaving a living child or children, then his or her proportional share shall be divided between the children share and share alike."

Theodore C. Sampson died on October 15, 1937, and his estate was duly probated. At the time of the death of Theodore C. Sampson his estate consisted of lands and personal property. The lands were sold in accordance with the powers granted by the provisions of the will.

On October 17, 1952, Laura Sampson died testate and her will was probated in Seward County, Nebraska.

In her lifetime, according to the petition, Laura Sampson sold all of the real estate of which Theodore C. Sampson died seized and handled the proceeds and all of the personal property as if it had been her own.

On Laura Sampson's death, according to the petition, the defendants Henry Sampson and Susan Belle Gadeke, as residuary legatees of Theodore C. Sampson, made claim apparently in the county court against her estate for $31,950.66 which they asserted was due them as the residue under the provisions of the will of Theodore C. Sampson quoted herein.

The prayer of the petition is to have the will of Theodore C. Sampson construed.

The plaintiffs allege that by the provisions of the will Laura Sampson, instead of receiving the described estates in trust with remainder, received them absolutely under the will. By the prayer plaintiffs seek such a construction and an adjudication accordingly.

To the petition the appellees filed concurrently a plea in abatement and a demurrer.

By the plea in abatement it was alleged that the claim filed in the estate of Laura Sampson, deceased, raised the issues pleaded by the plaintiffs herein. The effect of this was to say that at the time of the commencement of this action there was already an action pending for the determination of the issues pleaded herein, hence this action should be abated.

The demurrer was both special and general. In it was pleaded misjoinder of parties plaintiff and parties defendant and also that the petition did not state sufficient facts to constitute a cause of action.

The defendants filed an answer but it requires no attention.

A trial was had to the court on the plea in abatement at the conclusion of which the court found in favor of the appellees on the plea. Accordingly the plea was sustained and the action dismissed.

The appellants filed a motion for a new trial in which they set forth that the order sustaining the plea in abatement and the dismissal of the action was erroneous.

The defendants filed a similar motion for new trial.

On the hearing on the motion for new trial the demurrer of appellees was sustained whereupon appellants elected to stand on their petition. Thereupon the court overruled the motion for a new trial based on the order sustaining the plea in abatement and entered a judgment of dismissal based upon the demurrer of appellees.

Apparently assuming that the petition of appellants stated a cause of action against the defendants which was peculiar to them and separate from the action pleaded against appellees and that this cause of action was erroneously dismissed by the order sustaining the plea in abatement, the order sustaining the plea in abatement to that extent was vacated and set aside and a new trial granted.

With this phase of the case we will have no concern at least at this time.

The appellants in the presentation of their appeal say: "The only question presented by this appeal is whether the plaintiffs' petition states a cause of action." As their only assignment of error they say: "The court erred in sustaining the demurrer to the petition." In their statement of the case they say: "The plea in abatement was overruled. The demurrer was sustained." These statements do not reflect the condition of the record.

As pointed out both the plea in abatement and the demurrer were sustained and on the basis of the orders in those connections the petition was dismissed as to appellees. There is in actuality no appeal as to the order dismissing the petition based upon the plea in abatement. However since the confusion may have arisen because of the simultaneous filing of the plea in abatement and the demurrer by the appellees the appeal will be treated as being before the court on appellees' attack upon the appellants' petition. This can do no hurt since the question actually presented is that of whether or not appellants may be allowed to maintain their pleaded cause of action.

The purport and effect of the plea in abatement and the demurrer is to say that the subject matter of appellants' pleaded cause of action is a claim by appellees against the estate of Laura Sampson, deceased, a matter over which the county court has exclusive jurisdiction.

The appellants on the other hand have proceeded on the theory that since the rights, if any, which appellees had flowed from the will of Theodore C. Sampson the rights of all parties should be determined in an action in the district court.

It was this contention which was determined adversely to appellants by the dismissals based on the plea in abatement and the demurrer.

The Constitution of this state confers upon the county court original and exclusive jurisdiction to receive, ex-

amine, allow, and adjust all lawful claims and demands of every kind against the estate òf a deceased person. Article V, section 16, provides: "County courts shall be courts of record, and shall have original jurisdiction in all matters of probate, settlement of estates of deceased persons, and in such proceedings to find and determine heirship; * * *." See Rohn v. Kelley, 156 Neb. 463, 56 N. W. 2d 711.

This constitutional provision has been interpreted by the decisions of this court which give full force and effect to the declared constitutional purpose and intent. See, Robinson v. Tower, 95 Neb. 198, 145 N. W. 348; Rehn v. Bingaman, 151 Neb. 196, 36 N. W. 2d 856; Mueller v. Shacklett, 156 Neb. 881, 58 N. W. 2d 344.

In Rehn v. Bingaman, *supra,* the question of necessity for filing claims in the county court against the estates of deceased persons was exhaustively considered and what was said there need not be elaborated on here. In that case it was said: "The word 'claim' includes every species of liability which an executor or an administrator of an estate can be called upon to pay, or provide for payment, out of the general fund of the estate."

If involved here were only the matter of a claim against the estate of Laura Sampson there could be no question but that the county court had original and exclusive jurisdiction but that is not the situation. The plaintiffs do not contend otherwise.

Neither is there any contention that if on construction of the will of Theodore C. Sampson, deceased, the claim of appellees is found to be valid it may not be asserted and recovery had thereon out of the estate of Laura Sampson. They claim only that "said claims are entirely false and without effect in law or equity, * * *."

More than a mere claim is involved here. The basic question involved is that of the rights of the parties to this action under the terms of the will of Theodore C. Sampson, deceased. The determination of this question cannot be made except by a construction of that will.

The only proper forum for that determination is the district court.

In In re Estate of Stieber, 139 Neb. 36, 296 N. W. 336, it was said: "A county court in Nebraska in the exercise of its probate jurisdiction, as a distinct and independent branch of jurisdiction, has no power to construe wills."

In Hahn v. Verret, 143 Neb. 820, 11 N. W. 2d 551, it was said: "The construction of a will, in the probate court, for the information and benefit of the executor only in order to advise him what course to pursue adjudicates nothing beyond his rights and liabilities in the execution of his office. Controversies between adverse claimants under a devise or bequest or between the executor and persons claiming adversely to the estate will not be affected thereby."

In In re Trust Estate of Myers, 151 Neb. 255, 37 N. W. 2d 228, this question received exhaustive consideration. In the opinion by quotation from Merrill v. Pardun, 125 Neb. 701, 251 N. W. 834, it was said: " 'The county court has jurisdiction to construe wills when necessary for the benefit of the executor in carrying out the terms of the will, but has no jurisdiction to construe wills to determine rights of devisees or legatees as between themselves, and where under the terms of the will an executor can assign the property without a construction of the will and does not request a construction, the court has no authority to bind the heirs or legatees by any construction.' " This statement is quoted with approval in Jones v. Shrigley, 150 Neb. 137, 33 N. W. 2d 510. See, also, Tucker v. Heirs of Myers, 151 Neb. 359, 37 N. W. 2d 585.

It must be said that the district court had jurisdiction of the cause of action pleaded, that the petition was not vulnerable to demurrer, and that therefore the action was erroneously dismissed.

The judgment of the district court is reversed and the

cause is remanded for further proceedings consistent. with this opinion.

REVERSED AND REMANDED.