George N. Youngson, Administrator, appellee, v. Harriett M. Bond et al., Impleaded with Olive I. Springer et al., appellants.*

Filed May 8, 1902. No. 10,473.

Commissioner's opinion, Department No. 1.

1. **Administrator:** Right to Decedent's Real Estate: Action of Quia Timet. Under the laws of this state, the right of an administrator to the real estate of his decedent is possessory only, and such interest is not sufficient to authorize him to maintain a suit to quiet title to such real esate.

2. **Cross-Bill:** Affirmative Relief Against Co-Defendant: No Appearance: Jurisdiction. Where a cross-bill asking affirmative relief against a co-defendant is filed out of time, and no summons is issued thereon, or served upon such co-defendant, and no appearance is made thereto, the court has no jurisdiction to try the issues tendered by such cross-bill.

Appeal from the district court for Kearney county. Heard below before Beall, J. *Reversed.*

*J. L. McPheely, William Gaslin* and *G. L. Godfrey,* for appellants.

*Ed L. Adams* and *John B. Scott (Flansburg & Williams* on motion for a rehearing), *contra.*

Kirkpatrick, C.

This is a suit brought in the district court for Kearney county by George N. Youngson, administrator with the will annexed of the estate of Warren Bond, deceased, against the widow and other heirs of Bond, for the purpose of reforming the will of said Bond and quieting title to certain property described in the petition filed by the ad-

*Rehearing allowed. Former judgment adhered to.

ministrator. The petition alleged that on the 24th day of October, 1896, Warren Bond died, being a resident of Whiteside county, Illinois; that he died seized, besides other lands, of the northeast quarter of section 31, township 7, range 15 west; that on September 5, 1896, he made and published his will in writing, and that by mistake of the scrivener he described the northwest quarter of section 31, instead of the northeast quarter of section 31, which he really owned, and that he had at no time owned the northwest quarter of section 31; that in making the devise, he intended to devise the northeast quarter. The petition further recited the probate of the will in Whiteside county, Illinois, and the subsequent probate in Kearney county, Nebraska, all before the mistake was discovered, and alleged that Alonzo Springer, one of the defendants, was in possession of the northeast quarter of said section, and had been in possession for about twelve years, and that said Springer claimed some interest in the premises adverse to that claimed by the administrator, and prayed a reformation of the will, and for a decree quieting title to the premises described. A copy of the will, showing the due probate in both courts, was attached and made a part of the petition. To this petition Alonzo Springer and his wife, Olive I. Springer, filed separate answers, in which they admitted the death of Warren Bond, the execution and probate of the will as alleged, and that they resided on the northeast quarter of section 31, township 7, range 15 west, in Kearney county, and alleged that they had been in the open, notorious, exclusive and continuous possession of said premises for a period of more than ten years, and denied that Warren Bond was the holder of the legal title to the land in controversy, and, in addition thereto, pleaded that on or about the 20th day of February, 1887, the defendant Alonzo Springer was the owner of the premises on which Alonzo and his wife, Olive I. Springer, now reside, and that he had a contract of purchase for the same from the Union Pacific Railroad Company; that there was a balance due on said contract of pur-

chase to the railway company for the purchase price of the land, in the sum of about $98; that defendant Alonzo Springer was unable to pay said amount, and applied to his father-in-law, Warren Bond, for a loan of that amount of money; that Warren Bond then agreed that if Alonzo Springer and his wife would assign to him, the said Bond, the contract of purchase for said land, he would pay the remainder due to the railroad company and procure a deed for the land, and that when the amount which he had so advanced was repaid to him, with interest, he would deed the land back to defendant Springer; that said Springer and his wife accepted the offer, and duly assigned the contract; that Bond paid the railroad company the balance due of $98, and that the deed was duly issued to him for the land; closing with a prayer that the court find that there was nothing due to the estate of Warren Bond on account of the amount advanced by him, and that any right which said estate had was barred by the statute of limitations, and that the title to the land involved be quieted in the defendant Alonzo Springer. To this answer the administrator filed a reply, which pleaded that the covenants and agreements set up in defendant's answer were within the statute of frauds, and therefore null and void, and, in addition thereto, pleaded a general denial. Trial resulted in a finding and judgment reforming the will, and quieting title to the premises in the administrator, and decreeing that the defendants, Alonzo Springer and his wife, Olive I., had no right, title, claim or interest in and to the premises which they occupied. From this finding and judgment Alonzo Springer and Olive I. Springer bring the case to this court on appeal; alleging that the district court had no jurisdiction of the subject-matter of the suit, and that the findings and decree are not supported by sufficient competent evidence. · These questions, so far as necessary to a determination of the case, will be considered in their order.

The first contention of appellants is that, under the constitution and laws of this state, the district court has no

jurisdiction of an action to reform a will, and that such action can only be brought in the county court; while upon the part of the appellees it contended that the reformation of the will in question required the aid of a court of equity, and that the county court, under the constitution and laws of the state, could have no jurisdiction. The question whether or not in any jurisdiction a will can be reformed as sought in this case,—that is, by erasing the word "northwest," or the word "west," and inserting in lieu thereof the word "northeast" or the word "east,"—is a grave question, and one which, in the present condition of the record in this case, we do not feel called upon to determine. The greater portion of the briefs of both appellants and appellees is devoted to a discussion of the question hereinbefore suggested, but, in our view, the disposition of the case at bar can more properly be made upon other grounds, and therefore the question of the jurisdiction of the court thus presented and argued will not be determined.

The question of the right of the administrator to bring an action such as the one at bar, while it has not been discussed to any extent in briefs on file, yet is, in our opinion, decisive of the case. The suit is brought by George N. Youngson, administrator with the will annexed of the estate of Warren Bond, deceased, and he asks to have the will reformed, and the title quieted in him, as against Alonzo Springer and wife. That portion of the will necessary to a proper understanding of the question presented reads as follows:

"Sixth: I hereby give and bequeath unto my daughter Vesta M. Springer, for and during her natural life, the use and occupancy of the east half of the northwest quarter of section 31, township 7, range 15, in Kearney county, Nebraska.

"Seventh: I hereby give and bequeath unto my daughter Olive I. Springer, for and during her natural life, the use and occupancy of the west half of the northwest quarter of section 31, township 7, range 15, in Kearney county, Nebraska, provided, however, that my said daughter Olive

I. Springer, shall pay to my grandson, George E. Bond, the sum of $200 upon his arrival at the age of twenty-one years, and I hereby declare such sum of $200 to be a lien upon the real estate in this seventh clause of my will described."

The land described in the paragraphs quoted is not mentioned in any other portion of the will. Olive I. Springer is the wife of Alonzo Springer, and with him resides upon, and claims an interest in, the northeast quarter of section 31. If this will should be construed to describe the northeast quarter instead of the northwest quarter of the section, the effect would be to take from the Springers eighty acres of the quarter section upon which they reside, and give it to Vesta M. Springer, a sister of Olive I. Springer, and give to Olive I. Springer a life estate only in the other eighty acres which she and her husband claim in fee. If sufficient remain in the will to support the bequest, striking out or disregarding the word "northwest" or the word "west," claimed to be erroneous, the will might be so construed by the district court, in a proper action, as to bequeath the lands claimed to have been intended by the testator. *Zirkle v. Leonard,* 60 Pac. Rep. [Kan.], 318; *Stewart v. Stewart,* 65 N. W. Rep. [Ia.], 976; *Rook v. Wilson,* 41 N. E. Rep. [Ind.], 311; *Priest v. Lackey,* 39 N. E. Rep. [Ind.], 54.

The right of the administrator to maintain this suit as one to quiet title to the premises must be sustained, if at all, under the provisions of section 57, chapter 73, Compiled Statutes, 1899, which reads as follows: "That an action may be brought and prosecuted to final decree, judgment, or order, by any person or persons, whether in actual possession or not, claiming title to real estate, against any person or persons, who claim an adverse estate or interest therein, for the purpose of determining such estate or interest, and quieting the title to said real estate." Under the decedents' law of this state, the right of an administrator to the lands of his decedent is posses-

sory only; and it is readily apparent from the section of the statute quoted that an administrator does not have title within the meaning of that section so as to authorize him to maintain a suit to quiet title to real estate. In the case of *Hayrs v. Nason*, 54 Nebr., 143, it is held that "a judgment dismissing an administrator's action to quiet title is not a bar to a subsequent action, by the heir against the defendant in the administrator's suit, to quiet title to the same real estate, which has descended to the heir from the administrator's intestate." And in that case the court say: "But an action of ejectment is a possessory action; and while, because of the provisions of our statute, an administrator may maintain such an action, it does not follow that he may maintain an action to quiet title to the decedent's estate by removing a cloud therefrom; and we are of opinion that an administrator, in the absence of statutory authority therefor, can not maintain such an action." *Gridley v. Watson*, 53 Ill., 186; *Shoemate v. Lockridge*, 53 Ill., 503; *LeMoyne v. Quimby*, 70 Ill., 399. Under the provisions of the statute of this state, every action, with certain exceptions not material here, must be brought in the name of the real party in interest; and, the right of an administrator to the lands of his decedent being possessory only, he has no such title as will authorize him to maintain an action to quiet title. Such action must be brought in the name of the legatee or heir, the real party in interest. It follows, therefore, that the district court had no jurisdiction of the action to quiet title, because it was not brought in the name of the real party in interest, and the judgment, therefore, can not be sustained.

In the argument of this case it was contended by appellee that, even if it should be determined that the district court had no jurisdiction of the subject-matter set out in the petition, appellants, Alonzo Springer and Olive I. Springer, who are in possession of the northeast quarter of section 31,—the land sought to be brought under the provisions of the will,—having come into court, and by way of cross-bill set up their adverse possession of the

premises for more than ten years, and having asked to have their title quieted, and the administrator having filed a reply, an issue was joined, to try which the district court had jurisdiction, and that Springer and his wife having submitted the cause to the district court upon this issue, and there being some evidence to sustain the finding of the trial court, appellants are now concluded by the judgment. In this case, the administrator, upon the filing of his petition, made the widow, Harriet M. Bond; Vesta M. Springer, Wilson Springer, her husband; Olive I. Springer, and Alonzo Springer, her husband; Alva Bond, and Mattie Bond, his wife; Edna Martin and Delos P. Martin, her husband; Isabella Wilber, and Walter A. Wilber, her husband; Loretta Reed, widow; and George Bond, a minor,—parties defendant. They were the children and legatees, with their respective husbands and wives, and the widow of Warren Bond, deceased. Personal service of summons was made upon the defendants, and they were required to answer on the 12th day of April, 1897. All of the defendants made default, except Alonzo Springer and Olive I. Springer, his wife, who filed a demurrer, which was later withdrawn, and separate answers in the case were filed by them on June 18, 1897. No summons or notice was served upon the other defendants, children and legatees of Warren Bond, of the filing of the answers and cross-petitions of Alonzo Springer and Olive I. Springer, and there was no appearance thereto by any of the defendants. All of the other defendants were necessary parties to the determination of the question presented by the cross-bill of Alonzo Springer and wife. The rule in this state has become elementary that, upon an answer and cross-bill filed out of time, a summons must be served upon the necessary parties thereto, in order to give the court jurisdiction to grant the affirmative relief sought in such cross-bill. This not having been done, the court had no jurisdiction over the parties necessary to a suit to quiet title presented by the cross-bill mentioned, and any decree that might have been entered would, as to such parties,

have been null and void. *Havemeyer v. Paul*, 45 Nebr., 373; *Patrick Land Co. v. Leavenworth*, 42 Nebr., 715.

It is contended in the briefs that, in the event Alonzo Springer and wife are not entitled to relief upon the matters set up in their cross-bill, that having pleaded the conveyance to Bond in his lifetime of the land, by an instrument in effect a mortgage, and more than ten years having elapsed since the execution of the same, they are barred of all right of redemption, and that the conveyance has become absolute. We are unable to find merit in this contention. In the case of *Pinkham v. Pinkham*, 61 Nebr., 336, this court, speaking by the present chief justice, said: "The right to commence and prosecute an action may be lost by delay, but the right to defend a suit for the possession of property is never outlawed. The limitation law may, in a possessory action, deprive a suitor of his sword, but of his shield never." From this it is clear that Alonzo Springer and his wife can not be barred from defending their right, whatever it may be, to the land in question by the statute of limitations. It therefore clearly appears that of the suit, treated as a suit to quiet title, the district court had no jurisdiction, as the administrator, not being the real party in interest, could not maintain the action. As to a determination of the question presented by the cross-bill of Alonzo Springer and wife, the court had no jurisdiction of the parties defendant necessary to a valid adjudication of the controversy.

For the reasons stated, the judgment of the trial court should be reversed and the cause dismissed.

HASTINGS and DAY, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the action dismissed.

REVERSED AND DISMISSED.