WILLIAM REISCHICK, EXECUTOR OF THE LAST WILL AND TESTAMENT OF CHRISTIAN YOESEL, DECEASED, ET AL., V. DANIEL RIEGER, ADMINISTRATOR OF THE ESTATE OF CHRISTINA RIEGER, DECEASED, ET AL.

FILED MARCH 18, 1903. No. 12,455.

1. County Court: JURISDICTION. The county court has exclusive original jurisdiction of all probate matters, and where the relief sought by an action is such as the county court, in the exercise of its probate jurisdiction, might grant, the district court has no original jurisdiction.

2. District Court: WILL: CONSTRUCTION: JURISDICTION. On the facts stated, held, that the district court was without jurisdiction to construe a will and order distribution.

ERROR to the district court for Richardson county: JOHN S. STULL, DISTRICT JUDGE. Reversed.

Francis Martin, Arthur J. Weaver and Edwin Falloon, for plaintiff in error.

Isham Reavis and Frank Reavis, contra.

ALBERT, C.

This action was commenced in the district court. The facts sufficiently appear in the petition, upon which the case was tried below, which is as follows:

"Comes now the plaintiff and represents unto the court that he is the administrator of the estate of Christina Rieger, deceased, duly appointed by the county court of Richardson county and qualified according to law.

"2. The plaintiff complains of the defendant for that Christian Yoesel, on the 15th day of February, 1895, died seized of a personal estate of the value of $1,183 and the following described real estate situate in Richardson county, Nebraska, to wit: S. ½ of the N. W. ¼ and the S. ¾ of the S. W. ¼ of the N. E. ¼ and the N. W. ¼ of the S. E. ¼ of section 33, township 2, range 17, in Richardson county, all of the value of $6,800.

"3. Plaintiff further complaining alleges that the said Christian Yoesel, deceased, left a duly executed and attested will which was admitted to probate in the county court of Richardson county, Nebraska, on the 9th day of March, 1895, and was duly recorded as required by law. The following is a copy of said will:

*      *      *      *      *      *·      *      *

"'Item 2. It is my will and desire that my son John have the use of my home farm of 150 acres in section 33, town 2 north, range 17 east, 6th P. M., in Richardson county, Nebraska, for the term of seven years, or until March 1, 1902, and to pay my administrator for said rent the sum of four hundred and fifty dollars ($450) each year, to be paid as may be agreed upon between John and my administrator.

"'Item 3. It is my will and desire that when my youngest child, viz.: David, becomes of age, which will be in said year, 1902, then my said farm of 150 acres is to be the property of all my then living children, share and share alike, to be disposed of by them as in their judgment may

seem best for all of them and should any of my now living children die before the division above mentioned then said child's share shall go to my remaining children, share and share alike, provided however, that should such deceased child leave any children, then his or her share shall go to his or her said children; which said division or bequest in this item shall also include the three children of my deceased daughter Mrs. Catherine Rieger, who shall be entitled to an equal share in my estate as though their mother was living, and said estate or any moneys derived from said estate shall not be paid to said three children or any of them until they or each of them become of legal age. Also the $450 received annually as rent shall be divided equally among all my heirs and those that are not of lawful age shall be paid their portion by their respective guardians when they become of age.

"'Item 4. I give and bequeath to my oldest daughter Caroline after my decease one hundred and fifty dollars in cash in addition to my above bequests to be paid to her by my administrator, and also I make the same bequest as to my daughter Christina, who shall receive one hundred dollars in cash. Also my daughter Lydia shall be paid fifty dollars in cash. I also direct that the bequest of three hundred dollars herein be paid out of my life insurance policy of $2,000 and that my debts in item 1st also be paid out of said $2,000 and the remainder of said $2,000 after said amounts are paid as herein enumerated shall be equally divided among my living heirs share and share alike.'

\*        \*        \*        \*        \*        \*        \*        \*

"Plaintiff further represents unto the court that the said defendant is the sole executor named in said will, and has been duly qualified and is now the sole executor and trustee thereunder.

"Plaintiff alleges that said Christian Yoesel, deceased, left surviving him the following named children, John E. Yoesel, Caroline Yoesel, Christina Yoesel, Lydia Yoesel, Louisa Denkinger, Elizabeth Rieger, Gustave Yoesel,

David Yoesel and Walter Rieger, Otto Rieger and Sophia Rieger, grandchildren of Christian Yoesel and children of Catherine Rieger, deceased, a daughter of said testator.

"Plaintiff further represents that Elizabeth Rieger, one of the daughters of said testator, has died intestate and without issue since said testator's death.

"That since the death of said testator, Christina Yoesel intermarried with one Daniel Rieger and on the —— day of March, 1899, said Christina died intestate, leaving surviving her a daughter Christina and her said husband; the said daughter, Christina Rieger, died subsequent to the death of her said mother, to wit: on the —— day of June, 1899, intestate and without issue, leaving surviving her, her said father as next of kin.

"Plaintiff further alleges that said Christina Rieger, granddaughter of Christian Yoesel, deceased, and the issue of the deceased child of said Christian Yoesel, took and inherited under and by the terms of said will of Christian Yoesel a vested estate in, the lands so owned by said Christian Yoesel and conveyed by said will, to share equally with the other legatees thereunder, to wit: One-eighth of the whole; and by the terms of said will she, or her legal representative, is entitled to one-eighth of the rents and profits of said land.

"Plaintiff further complains of the defendant for that he, as executor and trustee of said estate, has in his possession the sum of $450 the property of said legatees, now due and payable to them, said sum being the annual rental for the year last past of said land, and to one-eighth of which, under said will the legal representatives of Christina Rieger, deceased, is. entitled, but which one-eighth part, said defendant has refused to pay over to plaintiff though demand has been made therefor..

"Wherefore plaintiff prays that on a final hearing of this said cause the court may construe said will, and enter a decree setting forth the rights of this plaintiff in and to the one-eighth part of said $450 as the legal representative of one of the legatees under said will, and that the

court may order said defendant to pay over to this plaintiff as administrator of the estate of said Christina Rieger the said one-eighth part of the said sum of $450, and for such other and further relief as equity may require."

The issues were made up and a trial had, whereupon the court found for the plaintiff, and entered the following decree:

"Wherefore, the court being fully advised in the premises, it is by the court hereby considered, decreed and adjudged that said Christina Rieger deceased took by the terms of the will of her said grandfather, Christian Yoesel, as the daughter and sole issue of Christina Rieger, nee Christina Yoesel, deceased, a vested estate in and to an undivided one-eighth part of the lands devised in said will, to wit: The south half (S. $\frac{1}{2}$) of the northwest quarter (N. W. $\frac{1}{4}$) and the south three quarters (S. $\frac{3}{4}$) of the southwest quarter (S. W. $\frac{1}{4}$) of the northeast quarter (N. E. $\frac{1}{4}$) and the northwest quarter (N. W. $\frac{1}{4}$) of the southeast quarter (S. E. $\frac{1}{4}$) of section thirty-three (33), township two (2), range seventeen (17), in Richardson county, Nebraska, and that said vested interest so taken was capable of transmission to her legal representatives upon the decease of said Christina Rieger and that plaintiff, as administrator of the estate of Christina Rieger, deceased, have and recover of said defendant William Reischick the said one-eighth part of said sum of $450, to wit: $56.25 and his costs herein expended taxed at $——."

The defendants bring the case here on error.

The defendants contend that the subject matter is within the exclusive original jurisdiction of the county court, and that the district court was without jurisdiction in the premises. The decree consists of two parts: (1) A construction of the will; (2) a judgment against the executor of said will in favor of the administrator of one found to be a legatee thereunder, for her distributive share, according to the terms of the will, as construed by the decree, of certain funds in the hands of the executor.

In other words, the decree is a construction of the will,

and an order for distribution of a part of the estate of the testator.  The assignment of the estate of a decedent is peculiarly a probate matter, and section 289, chapter 23, Compiled Statutes (Annotated Statutes, 5154), expressly provides for a decree therefor by the county court. That the construction of a will is also a probate matter is equally clear, because a construction of the will, when there is one, is necessarily involved in such decree.  That being true, the question arises whether the original jurisdiction of the county court in such matters is exclusive. Article 6, section 16, of the constitution gives the county court original jurisdiction in all probate matters.  Such jurisdiction is exclusive.  Section 3, chapter 20, Compiled Statutes (Annotated Statutes, 4787).  In such matters it is a court of general jurisdiction.  *Lydick v. Chaney,* 64 Neb. 288.  Within its exclusive jurisdiction, its chancery powers are plenary.  *Williams v. Miles,* 63 Neb. 859. . It seems to us, from the constitutional and statutory provisions quoted, taken in connection with the cases cited, the conclusion is irresistible that, on the case stated, the district court was without original jurisdiction.  It is true, as has been urged by counsel, that it has been the practice in this state to invoke the original jurisdiction of the district court for the construction of wills, and the practice appears to have been recognized by this court.  But we are aware of no case in which this court has held that the district court has original jurisdiction in such actions, nor in which the question was squarely raised.  We do not wish to be understood, however, as holding that the district court has no jurisdiction, under any circumstances, to construe a will.  On the contrary, we can readily conceive of actions of which the district court has original jurisdiction, wherein the construction of a will would be necessarily involved.  But in an action involving only matters of which the county court, as a court of probate, has jurisdiction, such jurisdiction is exclusive, and the district court can acquire jurisdiction only by appeal.  In this case the probate proceedings in both estates are still

pending in the county court. So far as appears from the record in this case, no question was adjudicated by the district court that the county court, in the exercise of its constitutional and statutory jurisdiction, might not have adjudicated. No excuse is shown for an invasion of its province by the district court. It follows, we think, that the decree of the district court was without jurisdiction.

It is recommended that the decree of the district court be reversed, and the cause remanded for further proceedings according to law.

. DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is reversed, and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.