MICHAEL F. EGAN, APPELLANT, V. ELIZABETH NIEMANN ET AL., APPELLEES.

47 N. W. 2d 404

Filed April 6, 1951. No. 32945.

*Lee Card,* for appellant.

*Edwin D. Crites,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This action as it was tried in the district court was by Michael F. Egan, plaintiff, against Elizabeth Niemann, Theodore Clauson, Jane Clauson, and other unknown persons, defendants, to quiet title to 320 acres of land in Dawes County, Nebraska.

The action was tried to the court. At the conclusion of the evidence of the plaintiff the cause was dismissed for the reason that the evidence of plaintiff was insufficient to sustain a cause of action. The order of dismissal was entered March 11, 1950. On the same day a motion for new trial was filed.

By showing appearing in the transcript it is disclosed that Michael F. Egan died intestate on March 25, 1950, and that Walter D. Egan was appointed administrator of his estate.

On September 18, 1950, Walter D. Egan, as administrator of the estate of Michael F. Egan, deceased, made application to have the action revived in his name as administrator. After due notice an order was entered by the district court reviving the action in the manner and form requested.

On the same day the motion for new trial was overruled. Thereafter an appeal was taken to this court by Walter D. Egan, the administrator, in whom the action was revived. However it is being prosecuted in the name of the deceased Michael F. Egan.

In their brief the appellees have moved for a dismissal of the appeal on the ground that Walter D. Egan, as administrator, is not the real party or parties in interest and therefore may not maintain the action.

This position of the appellees finds uniform support in the appropriate statute and the decisions of this court.

Section 25-1410, R. R. S. 1943, provides: "Upon the death of the plaintiff in an action, it may be revived in the names of his representatives, to whom his right has passed. Where his right has passed to his personal representative, the revivor shall be in his name; where it has passed to his heirs or devisees, who could support the action if brought anew, the revivor may be in their names."

In Youngson v. Bond, 64 Neb. 615, 90 N. W. 556, it is said: "The right of the administrator to maintain this suit as one to quiet title to the premises must be sustained, if at all, under the provisions of section 57, chapter 73, Compiled Statutes, 1899, which reads as follows: 'That an action may be brought and prosecuted to final decree, judgment, or order, by any person or persons, whether in actual possession or not, claiming title to real estate, against any person or persons, who

claim an adverse estate or interest therein, for the purpose of determining such estate or interest, and quieting the title to said real estate.' Under the decedents' law of this state, the right of an administrator to the lands of his decedent is possessory only; and it is readily apparent from the section of the statute quoted that an administrator does not have title within the meaning of that section so as to authorize him to maintain a suit to quiet title to real estate." The statute quoted in this opinion is in substance the same as section 25-21,112, R. R. S. 1943. See, also, Eayrs v. Nason, 54 Neb. 143, 74 N. W. 408; Urlau v. Ruhe, 63 Neb. 883, 89 N. W. 427; Vogt v. Binder, 76 Neb. 361, 107 N. W. 383; Vybiral v. Schildhauer, 144 Neb. 114, 12 N. W. 2d 660, 150 A. L. R. 497.

The motion of appellees to dismiss the appeal is sustained and the appeal is dismissed.

APPEAL DISMISSED.