IN RE ESTATE OF MAUDE C. CRANE, DECEASED.
FAYE LUTCAVISH, APPELLANT, v. PAUL H. EATON, ADMINISTRATOR OF THE ESTATE OF MAUDE C. CRANE, DECEASED, APPELLEE.

89 N. W. 2d 44

Filed March 28, 1958. No. 34275.

*Dwight Griffiths, Paul E. Rhodes,* and *Simon Lantzy,* for appellant.

*Paul H. Eaton* and *Robert J. Bulger,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

This is an appeal from a judgment of the district court for Morrill County dismissing a claim allowed by the county court on the ground that the district court

did not have jurisdiction over the subject matter of the action. On December 29, 1955, the claimant, Faye Lutcavish, filed a claim in the county court of Morrill County against the estate of Maude C. Crane who died, July 25, 1955, intestate. Paul H. Eaton was appointed administrator of the estate of Maude C. Crane, deceased. The claimant, Faye Lutcavish, is the same person named and designated as Faye Crane in the last will and testament of Fred A. Crane, deceased. Fred A. Crane died February 11, 1950. His last will and testament was admitted to probate in the county court of Morrill County March 21, 1950. The estate was settled and distribution made in accordance with his will. Faye Lutcavish was Fred A. Crane's daughter by his first wife. Maude C. Crane was the second wife of Fred A. Crane.

The will of Fred A. Crane, deceased, provides in part as follows: "SECOND, After the payment of such funeral expenses and debts, I give, devise, and bequeath to my loving wife Maude Crane, all of my real and personal property, of whatever it may consist, and wherever it may be found, and it is my will that she sell or dispose of any of said property as she may see fit. It is my will that should there be any property, real or personal, remaining, at the time of the death of my said wife, Maude Crane, then said property which has come to the said Maude Crane as a result of this bequeath (bequest) shall be given to my daughter Faye Crane."

In addition to stating some of the facts above set out, the claimant set forth in her claim the following in substance: That upon the distribution of the personal estate of Fred A. Crane, deceased, Maude C. Crane received all the personal estate of Fred A. Crane, deceased, consisting of two shares of capital stock of the Farmers Equity Cooperative Creamery Association of the value of $29.37, and the sum of $2,174.91 in cash, and the same was delivered into the possession and con-

trol of Maude C. Crane for her use and benefit during her natural life; that under and by virtue of the terms and provisions of the last will and testament of Fred A. Crane, deceased, this claimant, Faye Lutcavish, became the owner of all the property, both real and personal, owned by Fred A. Crane at the time of his decease, subject only to the provisions of his last will and testament directing the payment of his funeral expenses and debts, and subject only to the life estate of Maude C. Crane in said property of Fred A. Crane, deceased; and that Maude C. Crane, now deceased, wrongfully converted the above-described stock of the Farmers Equity Cooperative Creamery Association and cash funds in the amount of $2,174.91, to her own use and commingled the same with her own funds. The claimant prayed for allowance of her claim in the amount of $2,204.28 against the estate of Maude C. Crane, deceased, or for such other amount that the court determined just and proper to adequately reimburse her for her share of the property and estate of Fred A. Crane, deceased, to which this claimant was entitled under the terms of his last will and testament.

The administrator of the estate of Maude C. Crane, deceased, filed objections to the claim, in which he admitted that the last will and testament of Fred A. Crane was admitted to probate and contained the provisions as heretofore set out; and admitted that upon the entry of the final decree in the probate proceedings of the estate of Fred A. Crane, deceased, there was distributed to Maude Crane, who was one and the same person as Maude C. Crane named therein, stock in the Farmers Equity Cooperative Creamery Association appraised at the value of $20, but having a book value of $29.37 at the time of distribution, and also the sum of $2,174.91 and no other property, but that listed in the inventory of the estate of Maude C. Crane, deceased, were items consisting of a watch and pocket knife believed to have belonged to Fred A. Crane, deceased. The

administrator alleged that he had made an investigation and found that Maude C. Crane cashed or sold back to the Farmers Equity Cooperative Creamery Association said stock of the book value of $29.37; that the proceeds therefrom were applied or used by her for her support, comfort, and enjoyment; that the residue received by Maude C. Crane from the estate of Fred A. Crane, deceased, on September 26, 1950, was in the sum of $2,174.91; that she deposited the sum of $1,930 in her postal savings account; that the remaining $244.91 was commingled with her own money and funds and may have become a part of the purchase price paid in the sum of $375 for a United States savings bond of $500 denomination purchased by her on October 5, 1950, or she may have used the $244.91 of the residue for her support and maintenance; that Maude C. Crane had money of her own on deposit in her postal savings account when she deposited the $1,930 of the residue of the estate of Fred A. Crane, deceased, in said account; that thereafter she made further additions to said account out of her own money; that on April 28, 1953, she closed out the postal savings account and received a government check for $2,518.20, which sum would include her own money, the earnings on the entire deposit, and the sum of $1,930 from the residue of the estate of Fred A. Crane, deceased; that on or about the same day she deposited the government check to her account in the Lisco State Bank, and later purchased government savings bonds, three of such bonds for the amount of $750 each, and two for $75 each; that she cashed two of the bonds purchased for $75 each and one of the bonds purchased for $750, using the proceeds for living and medical expenses, leaving two savings bonds purchased for the sum of $750 each in the hands of the administrator of her estate; and that it was for the court to determine whether the two United States savings bonds remaining should be construed as being personal property of the estate of Fred A. Crane, deceased, purchased from the residue of

his estate and subject to distribution to the claimant, or whether they were to be distributed to the heirs of Maude C. Crane, deceased, as a part of her separate estate. The administrator denied that Maude C. Crane had received any other property from the estate of Fred A. Crane, and denied the right of the claimant to recover or have any interest, income, or benefits from the residue of the estate of Fred A. Crane, deceased, or the right to an accounting for moneys used by Maude C. Crane for her support, maintenance, use, and comfort. The administrator alleged that the only accounting required of the Maude C. Crane estate was the residue unused by the deceased during her lifetime, and prayed that the claim be disallowed, save and except for any portion of the residue from the estate of Fred A. Crane, deceased, that the court might find and determine to remain at the time of the death of Maude C. Crane, deceased.

Objections to the claim were also filed by Fred A. Buerstetta and Lucy E. Jones, brother and sister of Maude C. Crane, deceased, as two legal heirs of Maude C. Crane, deceased. The allegations of this pleading were quite similar to the objections filed by the administrator of the estate of Maude C. Crane, deceased, and need not be summarized.

The claim was heard in the county court on January 22, 1957. The objectors, Lucy E. Jones and Fred A. Buerstetta, did not appear except as heirs of Maude C. Crane, deceased, being represented in that capacity by the administrator and attorney for the estate of Maude C. Crane, deceased. The claim was allowed by the county court in the amount of $2,204.28, and the administrator of the estate of Maude C. Crane, deceased, was ordered to surrender the watch and pocket knife to the claimant.

The administrator of the estate of Maude C. Crane, deceased, appealed to the district court from the order of the county court allowing the claim. The claimant filed a petition in the district court in substantially the

same form as the claim filed in the county court. The administrator filed an answer and objections to the petition, setting forth in substance the same facts as appeared in his objections in the county court. An answer and reply denying generally the allegations of the administrator's answer and objections was filed by the claimant. No filing or appearance was made in the district court by Lucy E. Jones or Fred A. Buerstetta as heirs of Maude C. Crane, deceased.

The matter came on for hearing in the district court on May 13, 1957. Trial to a jury was waived. The facts were stipulated and the stipulation was filed. The claimant offered the stipulated facts in evidence. The administrator objected to the introduction of any evidence for the reason that the district court and the county court had no jurisdiction to consider this matter, and that the district court on appeal had no jurisdiction to hear and consider this matter. The objection to the introduction of evidence was sustained. The administrator then moved to dismiss the claim for lack of jurisdiction, and this motion was sustained. The court then entered its order dismissing the claim for lack of jurisdiction. The claimant filed a motion for new trial, and later filed an amended motion for new trial. On the overruling of the amended motion for new trial, the claimant appealed to this court.

The appellant assigns as error the district court's dismissal of her claim for lack of jurisdiction as being contrary to law.

Courts are bound to take notice of the limits of their authority, and accordingly a court may of its own motion, even though the question is not raised by the pleadings or is not suggested by counsel, recognize the want of jurisdiction, and it is its duty to act accordingly by staying proceedings, dismissing the action, or otherwise noticing the defect, at any stage of the proceedings. Stewart v. Herten, 125 Neb. 210, 249 N. W. 552.

Want of jurisdiction of the subject matter of the ac-

tion is a defect which it is the duty of the court to notice, of its own motion, by dismissal of the action or other suitable action, at any stage of the proceedings. Lippincott v. Wolski, 147 Neb. 930, 25 N. W. 2d 747, 169 A. L. R. 1236. See, also, Stewart v. Herten, *supra.*

On appeal to the district court from the county court where the county court had no jurisdiction of the subject matter such appeal confers no jurisdiction upon the district court. In re Trust Estate of Myers, 151 Neb. 255, 37 N. W. 2d 228.

The appellant, Faye Lutcavish, asserts that the basic question for determination by this court is whether or not the county court had jurisdiction over the subject matter of the action, that is, to have and determine her claim against the estate of Maude C. Crane, deceased. The appellant assumes that it is the contention of the appellee, administrator of the estate of Maude C. Crane, deceased, that to determine the claim of the appellant required a construction of the will of Fred A. Crane, deceased.

The appellant contends: (1) That the determination of her claim filed in the county court against the estate of Maude C. Crane, deceased, does not require and does not involve a construction of the will of Fred A. Crane, deceased; (2) that if a construction of the will of Fred A. Crane, deceased, was necessary, the county court was not thereby excluded from jurisdiction over the claim; (3) that the appellee, administrator of the estate of Maude C. Crane, deceased, did not, in the county court, raise the issue of the construction of the will of Fred A. Crane, deceased, in his pleadings, but in fact therein admitted that the claimant was entitled to the residue of the estate of Fred A. Crane, deceased, remaining after the death of Maude C. Crane; and (4) that not only did the county court pleadings preclude construction of the will of Fred A. Crane, deceased, as an issue, but that issue had been previously foreclosed at the time of the final settlement of the Fred A. Crane estate, for the

reason that in the final decree entered in the Fred A. Crane estate the court construed the will for the benefit of Maude C. Crane, executrix, in carrying out the terms of the will and assigned the residue to Maude C. Crane "as by said Will provided and that if there should be any of said property or residue remaining at the time of the death of said Maude Crane, the said Faye Lutcavish shall be entitled thereto."

In Hahn v. Verret, 143 Neb. 820, 11 N. W. 2d 551, we said: "The construction of a will, in the probate court, for the information and benefit of the executor only in order to advise him what course to pursue adjudicates nothing beyond his rights and liabilities in the execution of his office. Controversies between adverse claimants under a devise or bequest or between the executor and persons claiming adversely to the estate will not be affected thereby."

As stated in Annable v. Ricedorff, 140 Neb. 93, 299 N. W. 373: "This jurisdiction was long ago committed to the doctrine: 'The construction of the will in such a case (in probate court) is for the information and benefit of such executor or administrator only, in order to advise him what course to pursue. It adjudicates nothing beyond his rights and liabilities in the execution of his office; controversies between adverse claimants under the devise or between the executor or administrator and persons claiming adversely to the estate, will not be affected thereby.'" See, also, Youngson v. Bond, 69 Neb. 356, 95 N. W. 700; Fisher v. Fisher, 80 Neb. 145, 113 N. W. 1004; Klug v. Seegabarth, 98 Neb. 272, 152 N. W. 385.

In DeWitt v. Sampson, 158 Neb. 653, 64 N. W. 2d 352, an action was started in the district court to have the will of Theodore C. Sampson construed. Certain residuary legatees of the estate of Laura Sampson, deceased, and spouses of some of the legatees were plaintiffs. The executor of the last will and testament of Laura Sampson, deceased, was also a plaintiff. The action was

brought against certain residuary legatees of the will of Theodore C. Sampson, deceased, defendants. The cause of action pleaded by the plaintiffs was to have the will of Theodore C. Sampson construed and, on the basis of the construction, to have title to what they contended to be the assets of the estate of Laura Sampson, deceased, quieted in them as legatees of the estate of Laura Sampson. Theodore C. Sampson died on October 15, 1937, and his estate was duly probated. At the time of the death of Theodore C. Sampson his estate consisted of lands and personal property. The lands were sold in accord with the powers granted by the provisions in the will. On October 17, 1952, Laura Sampson died testate and her will was probated in the county court. On her death, according to the petition, certain defendants named therein as residuary legatees of Theodore C. Sampson, made claim apparently in the county court against her estate for $31,950.66 which they asserted was due them as the residue under the provisions of the will of Theodore C. Sampson. The prayer of the petition was to have the will of Theodore C. Sampson construed. To the petition, a plea in abatement and a demurrer were filed, which were sustained. The court said: "The purport and effect of the plea in abatement and the demurrer is to say that the subject matter of appellants' pleaded cause of action is a claim by appellees against the estate of Laura Sampson, deceased, a matter over which the county court has exclusive jurisdiction. The appellants on the other hand have proceeded on the theory that since the rights, if any, which appellees had flowed from the will of Theodore C. Sampson the rights of all parties should be determined in an action in the district court. It was this contention which was determined adversely to appellants by the dismissals based on the plea in abatement and the demurrer. * * * More than a mere claim is involved here. The basic question involved is that of the rights of the parties to this action under the terms of the will of Theodore C.

Sampson, deceased. The determination of this question cannot be made except by a construction of that will. The only proper forum for that determination is the district court. * * * It must be said that the district court had jurisdiction of the cause of action pleaded, that the petition was not vulnerable to demurrer, and that therefore the action was erroneously dismissed."

The above-cited case is in point with the instant case on the jurisdictional question raised.

As we view the pleadings, the appellant asserts that Maude C. Crane had a life interest only in the estate of Fred A. Crane, deceased; that she was not privileged to convert any of the property of such estate to her own use or commingle the same with funds of her own and by doing so she wrongfully violated the rights of the appellant under the will of Fred A. Crane, deceased; and that the appellant is the owner of all of the residue after completion of the administration, subject only to the life use of Maude C. Crane. On the other hand, the appellee, by pleadings, asserts that the interest of Maude C. Crane was a life estate coupled with the power to sell and dispose of any of the property left under the will of Fred A. Crane for the purposes as stated therein; that she had a right to commingle the same with her own funds as long as the identity of the corpus of the residue was not lost; that she could use all or any part of the property for her wants, needs, and reasonable desires; and that upon the death of Maude C. Crane, the appellant would become the owner of such residue, if any, not consumed during the lifetime of Maude C. Crane for her support, maintenance, and comfort.

It appears from the pleadings of the respective parties that their contentions regarding the will of Fred A. Crane, deceased, and what it means, are adverse to each other to such an extent that the contentions of the parties can be resolved only by a construction of the will of Fred A. Crane, deceased.

Whatever interest the appellant Faye Lutcavish has,

she must establish under and by virtue of the will of Fred A. Crane, deceased. This estate has been probated, distribution made as provided by the will, and the estate settled. The estate in which Faye Lutcavish filed a claim is the intestate estate of the second wife of her father. Under the circumstances presented, we conclude that this is not a proper claim against the estate of Maude C. Crane, deceased. In the event the district court construes the will of Fred A. Crane, deceased, and finds that the appellant is entitled to certain property of that estate she then has a proper remedy at law to obtain it.

While it may appear that some language in the earlier decisions of this court might be in conflict with the later decisions of this court cited herein on this point of jurisdiction, suffice it is to say that for some considerable period of time this court has been committed to the rules announced heretofore in this opinion regarding the question of jurisdiction of the county court and the district court pertaining to wills.

For the reasons given herein, the judgment of the district court is affirmed.

AFFIRMED.

SIMMONS, C. J., dissenting.

I refer to the claimant herein as the plaintiff and to the administrator as the defendant.

The result of this decision is compounded confusion.

The confusion rests on two premises. The first is a failure to analyze and find the reason of a rule of law as a guide to its application. The second is a failure to confine the scope of the decision to the issue presented.

In the third full paragraph of the opinion the court states the plaintiff's claim is one based on the *conversion* of stocks and cash by deceased *in her lifetime.* The value of the property converted is claimed to be $2,-204.28, being the value of stock and cash received by Mrs. Crane from the Fred A. Crane estate. Plaintiff alleges an indebtedness of $2,204.28 and prays for an al-

lowance of her claim for that *amount of money*. The issues were so treated in the county court and the claim allowed.

So the court starts off with a recognition of the fact that plaintiff's claim is one based on an alleged tort of the intestate during her lifetime and sought the payment of a money claim. So stated it is nothing more than a claim against an estate.

The court then quotes from three of our recent decisions. It then concludes that the allowance or disallowance of the claim calls for a construction of the will of Fred A. Crane, deceased, and that the district court, and not the county court, has original jurisdiction of that matter.

That would seem to decide the matter upon the issue presented to the trial court and presented here, which is that of jurisdiction of the subject matter. The issue is: What court had jurisdiction to construe the will?

The court goes further and in the second from the last paragraph of its opinion holds that "this is not a proper claim against the estate of Maude C. Crane, deceased." Here the court changes the issue to: "What does the will mean?" No reason is given for such a holding. Here the court, having concluded that the plaintiff at no time had her claim pending before a court having jurisdiction of the subject matter, and there never having been a trial of the issue on the merits of the claim presented, it then decides the issue on the merits and holds that plaintiff does not have a proper claim.

I fail to see where this court gets jurisdiction to decide that issue. It does it in a case in which it is first held that neither the county court nor the district court has jurisdiction of the subject matter.

The next sentence demonstrates that I have not misconstrued the court's opinion. It is: "In the event the district court construes the will of Fred A. Crane, deceased, and finds that the appellant is entitled to *certain property* of that estate she then has a proper remedy

at law to obtain it." (Emphasis supplied.) Here the court denies to the plaintiff an election of remedies, and makes an election for her.

The court construes the will to the extent of holding that it does not support a "proper claim" against the estate of Maude C. Crane. That was the issue that the county court held in favor of the plaintiff. The district court held that it did not have jurisdiction to decide that matter and dismissed the claim because both the county court and the district court had no jurisdiction of the subject matter.

This court affirms the lack of jurisdiction and then decides the issue of the merits of the claim and in favor of defendant.

The court goes further and suggests an original action in the district court to construe the will. The court does not suggest who are necessary parties to that proceeding, but presumably the defendant here should be a defendant there if he is to be bound by the construction of the will. That construction would be subject to appeal here. Obviously it would be limited to a determination of whether or not the plaintiff was "entitled to certain property" of the Fred A. Crane estate, for the question of whether the will can be construed to support "a proper claim" against the Maude C. Crane estate is made res judicata by this opinion.

Just as obviously when that action is ultimately decided plaintiff must bring a third action which would be "a proper remedy" to obtain "certain property." Just what that remedy is and what court has jurisdiction is left to the conjecture of the plaintiff.

It is also to be remembered that defendant both in the county court and the district court conceded the right of the plaintiff to the "residue" of the Fred A. Crane estate and by elaborate pleading traced part of the moneys into bonds which he held as administrator. So this court determines the issue largely in favor of the defendant while the subject matter at all times is held

to be without the jurisdiction of the court.

While this action has been pending, while the next action to construe the will will be pending, and then while the action to recover "certain property" is pending (each consecutively), the closing of the probate of the Maude C. Crane estate will be suspended "between the heaven and the earth," a result "sacrilegious in a court of conscience." Gilbert v. Provident Life and Trust Co., 1 Neb. (Unoff.) 282, 95 N. W. 488.

Since the days of the Magna Charta our judicial system has been dedicated to the denial of delays that result in the denial of justice.

It is because of the above considerations that I say the result of this decision is compounded confusion.

All of this can be avoided if we go back to examine, restate, and follow the considered opinions of this court on the matters of jurisdiction of the county court in probate matters and of the district court in law and equity matters.

The difficulty is that over a period of years the jurisdiction of the county court in this one respect has been diminished in our decisions by a slow process of decretion.

The established rule is: The word "claim" includes every species of liability which an executor or an administrator of an estate can be called upon to pay, or provide for payment, out of the general fund of the estate. Mueller v. Shacklett, 156 Neb. 881, 58 N. W. 2d 344.

I take it that there is no dispute that, on her theory of the construction of the will and her election of remedies, the plaintiff has a claim against the estate of Maude C. Crane. The dispute arises because that claim rests on language in a will long since probated and the estate which it controlled administered.

Here the basic issue is the determination of the rights of the plaintiff and Maude C. Crane under the will of Fred A. Crane. The important matter is the rights of

the parties. The incidental fact is that, *in this instance,* those rights are determined by language in a will. Had the identical right been created by a contract or any written instrument other than a will, no one would think to challenge the county court's jurisdiction to construe it as a foundation to allowing or disallowing the claim. The confusion arises because a will is involved and because of "some language" in our more recent decisions.

I have doubts if the rule relied on by the court has any application to a will that has been probated and the estate closed. But I prefer to meet the issue on the basis of the court's opinion.

I have searched for the reason for the rule to determine its applicability.

A proper understanding of the applicable rules requires that we begin with decisions antedating those cited by the court.

In Reischnick v. Rieger, 68 Neb. 348, 94 N. W. 156, we had an almost identical fact situation and issue presented. In that case the plaintiff was the administrator of the estate of a deceased beneficiary of a will. He represented the rights of the beneficiary. He sued the executor of the testator's will, praying for a construction of the will. The ultimate relief sought was the payment of one-eighth part of $450. The trial court construed the will and rendered judgment against the executor for $56.25 and costs. On appeal here the defendant contended that the subject matter of the suit was within the exclusive original jurisdiction of the county court and that the district court was without jurisdiction. We affirmed that contention. We held that: "* * * the decree is a construction of the will, and an order for distribution of a part of the estate of the testator. The assignment of the estate of a decedent is peculiarly a probate matter, and section 289, chapter 23, Compiled Statutes (Annotated Statutes, 5154) (now as amended section 30-1302, R. R. S. 1943), expressly provides for a

decree therefor by the county court. That the construction of a will is also a probate matter is equally clear, because a construction of the will, when there is one, is necessarily involved in such decree. That being true, the question arises whether the original jurisdiction of the county court in such matters is exclusive. Article 6, section 16, of the constitution gives the county court original jurisdiction in all probate matters. Such jurisdiction is exclusive. Section 3, chapter 20, Compiled Statutes (Annotated Statutes, § 4787) (now section 24-503, R. R. S. 1943). In such matters it is a court of general jurisdiction. * * * Within its exclusive jurisdiction, its chancery powers are plenary. * * *.

"It seems to us, from the constitutional and statutory provisions quoted, taken in connection with the cases cited, the conclusion is irresistible that, on the case stated, the district court was without original jurisdiction. It is true, as has been urged by counsel, that it has been the practice in this state to invoke the original jurisdiction of the district court for the construction of wills, and the practice appears to have been recognized by this court. But we are aware of no case in which this court held that the district court has original jurisdiction in such actions, nor in which the question was squarely raised. We do not wish to be understood, however, as holding that the district court has no jurisdiction, under any circumstances, to construe a will. On the contrary, we can readily conceive of actions of which the *district court has original jurisdiction,* wherein the construction of a will *would be necessarily involved.* But in an action involving only matters of which the county court, as a court of probate, has jurisdiction, such jurisdiction is exclusive, and the district court can acquire jurisdiction only by appeal." (Emphasis supplied.) The above is one of the earlier decisions which the court brushes aside.

Youngson v. Bond, 64 Neb. 615, 90 N. W. 556, was an action brought in district court by an administrator with

the will annexed against the widow and heirs of the testator. It was an action to reform a will and to quiet title to real estate. The question of jurisdiction of the subject matter was raised. The construction of the will was involved. The trial court rendered judgment reforming the will and quieting title in the administrator. We reversed and dismissed the cause. On rehearing it was contended that the action was one for the construction of a will and hence was within the original jurisdiction of the district court. We denied that contention in Youngson v. Bond, on rehearing, 69 Neb. 356, 95 N. W. 700. We held: "It is well settled that the county court has full and complete equity powers as to all matters within its exclusive jurisdiction. Clothed with these powers, its authority to construe a will, when necessary to enable its officers to settle an estate properly, is as clear as its authority to set aside on equitable grounds an order admitting a will to probate. Is its jurisdiction in such a case exclusive? This, we think, must depend upon the purpose and end of the proceeding. Where a suit in equity is to be regarded as part of the proceedings for settlement of the estate of a deceased person and has no further object than *to procure or advance such settlement,* it must be brought in the county court. *The obvious purpose of the statute is to give all powers necessary to complete and speedy settlement of estates to one court, and to require all proceedings toward that end to be brought in that court in the first instance.* To permit a concurrent equity jurisdiction, as to such proceedings, in the district court, in view of the principle that a court of equity which has acquired jurisdiction for one purpose will hold it for all purposes so far as necessary to give complete relief and render a full decree covering the whole controversy, would be very likely to lead us back little by little to the old time suits for administration. (In this connection see 19 Am. Jur., Equity, § 172, p. 156; 30 C. J. S., Equity, § 61, p. 404-410; 4 Pomeroy's Equity Jurisprudence (5th Ed.), § 1155, p.

461.) *For these reasons, we think a suit by an administrator with the will annexed for construction of the will, in order to enable him to administer the estate properly, is not maintainable in the first instance in the district court.* Such a suit is in reality a part of the proceedings for settlement of the estate. It is very different from a suit by trustees under a will, after settlement of the estate, to obtain a construction of the provisions of the will relating to their trust. Such a suit is not in any sense a part of the settlement of the estate. The district court has undoubted jurisdiction over such a trust, whether to enforce it, to give directions for its execution, or to appoint new trustees. Hence its power to construe the instrument creating the trust is clear. With respect to the administrator with the will annexed pending settlement of the estate, the case is entirely distinct. The estate is not before the district court for settlement, nor can it come before that court except by appeal. Hence that court ought not to be giving directions to the officer of another court, how to administer an estate in the other court, except as its appellate jurisdiction is invoked." (Emphasis supplied.) The syllabus points were: Where a suit in equity is to be regarded as part of the proceedings for settlement of the estate of a deceased person, it must be brought in the county court, which has exclusive original jurisdiction of such matters. Hence a suit by an administrator with the will annexed for construction of the will in order to enable him to administer the estate properly is not maintainable in the first instance in the district court.

The above case is cited by the court in the instant case but no quotes are taken from it. It is another one of those "earlier decisions" that is put aside.

In both of these above decisions it will be noted that we recognized that there were cases within the original exclusive jurisdiction of the district court where the construction of a will was necessarily involved.

This is pointed up by our decision in Fisher v. Fisher, 80 Neb. 145, 113 N. W. 1004, again cited but not quoted from by the court in the instant case. That was an action brought in the district court to partition real estate. The answer turned upon the construction of a will. It was contended that the county court had jurisdiction to hear and determine the issue. Reischick v. Rieger, *supra,* and Youngson v. Bond, 69 Neb. 356, 95 N. W. 700, were relied on. We denied the contention holding: "It is the rule, doubtless, that the county court has jurisdiction in an action by the executor to construe a will for the purpose of affording information to the executor for the administration of the estate, but the principal action here is to partition the land. *The construction of the will is only incidental to the main relief sought.* It is quite clear that the county court could not have jurisdiction in an action to partition the land, and, we think, it is likewise clear that it would not have jurisdiction of an action for the construction of a will between two or more heirs or devisees claiming title to the same tract of land." (Emphasis supplied.) This case also is one of the "earlier decisions" that is now brushed aside.

In this connection see, also, Gotchall v. Gotchall, 98 Neb. 730, 154 N. W. 243, where we held, in an action to *declare a trust* and to determine the rights and duties of the trustee, that the "construction of the will is only incidental to the real purpose of the action" and that the county court was without jurisdiction to determine the issues.

The above decisions, then, lay down the basis of these rules:

When the nature of a proceeding is such that it falls within the original jurisdiction of the county court, that court has the power to construe a will as an incident to the exercise of its jurisdiction.

When the nature of a proceeding is such that it falls within the original jurisdiction of the district court, that

court has the power to construe a will as an incident to the exercise of its jurisdiction.

The rule is stated that: "In the absence of statutory provision therefor, courts of equity generally have no power to construe wills, except as incident to their jurisdiction over trusts, or where other recognized grounds of equity jurisdiction exist." 96 C. J. S., Wills, § 1075, p. 741.

I have analyzed those decisions called to our attention by counsel and our own research. They show that where the court has held that the district court had original jurisdiction to construe a will, it has been done in cases involving trusts or other recognized grounds of equity jurisdiction.

The three decisions relied on by the court for quotations all fall into the above classification. Hahn v. Verret, 143 Neb. 820, 11 N. W. 2d 551, was an action to quiet title. Annable v. Ricedorff, 140 Neb. 93, 299 N. W. 373, was an action in partition. DeWitt v. Sampson, 158 Neb. 653, 64 N. W. 2d 352, was an action to quiet title.

The construction of a will in the above cases was, as we said in Fisher v. Fisher, *supra,* "incidental to the main relief sought." St. James Orphan Asylum v. Shelby, 75 Neb. 591, 106 N. W. 604, was an action to quiet title. Fisher v. Fisher, *supra,* was an action in partition. Klug v. Seegabarth, 98 Neb. 272, 152 N. W. 385, cited but not quoted by the court, was an action to have a specific bequest declared a lien upon real estate; Mohr v. Harder, 103 Neb. 545, 172 N. W. 753, was an action in partition; Abbott v. Wagner, 108 Neb. 359, 188 N. W. 113, was an action to impress a trust upon a residuary estate; Krause v. Krause, 113 Neb. 22, 201 N. W. 670, was an action in partition; Merrill v. Pardun, 125 Neb. 701, 251 N. W. 834, was an action to declare and enforce a trust; In re Estate of Stieber, 139 Neb. 36, 296 N. W. 336, was an action in partition; Jones v. Shrigley, 150 Neb. 137, 33 N. W. 2d 510, was an action to quiet title and for specific performance; In re Trust Estate of

Myers, 151 Neb. 255, 37 N. W. 2d 228, involved the disposition of a trust estate; and Jacobsen v. Farnham, 155 Neb. 776, 53 N. W. 2d 917, 33 A. L. R. 2d 543, was an action to quiet title.

The above cases, in result, are in full accord with the rule that the district court has jurisdiction to construe a will as an incident to the exercise of its equity jurisdiction.

The effect of our decisions is that we have limited the original jurisdiction of the district court to construe wills to those cases where the construction of the will is *an incident* to the exercise of its original jurisdiction.

It is also patent that the court in its "earlier decisions" started on the theory that the construction of a will by the district court exercising its original jurisdiction was in the nature of an exception to the rule that the county court in the exercise of its probate power had that jurisdiction generally.

Such is the fair import of our decision in Reischick v. Rieger, *supra,* quoted above, where we held that we could "conceive of actions" where the district court had original jurisdiction. In Abbott v. Wagner, *supra,* we held the action involving a trust maintainable in district court *"even* though it involves a construction" of a will. (Emphasis supplied.)

In Andersen v. Andersen, 69 Neb. 565, 96 N. W. 276, we held: "It is true that the district court has jurisdiction in equity of actions to construe wills, in cases where a trust relation exists by reason of the terms of the instrument itself * * * and to determine the rights of parties thereunder; while the county court has exclusive original jurisdiction in the probate and contest of wills, and in their construction for the purposes of administration *and settlement of estates."* (Emphasis supplied.)

Pomeroy states the Nebraska position as follows: "In the states of the second class (including Nebraska), the jurisdiction of the probate courts over everything pertaining to the regular administration and settlement of

decedents' estates is virtually exclusive. The equitable jurisdiction over the subject is neither concurrent nor auxiliary and corrective. It exists only in matters which lie outside of the regular course of administration and settlement, which are of purely equitable cognizance, and which do not come within the scope of the probate jurisdiction." 4 Pomeroy's Equity Jurisprudence (5th Ed.), § 1154a, p. 455.

In Youngson v. Bond, 69 Neb. 356, 95 N. W. 700, the major premise of the decision was: "Where a suit in equity is to be regarded as part of the proceedings for settlement of the estate of a deceased person and has no further object than *to procure or advance such settlement,* it must be brought in the county court." The minor premise was: "* * * a suit by an administrator with the will annexed for construction of the will, in order to enable him to administer the estate properly, is not maintainable in the first instance in the district court." (Emphasis supplied.)

The difficulty in our decisions is that in applying Youngson v. Bond, 69 Neb. 356, 95 N. W. 700, we have largely overlooked the broad scope of the major premise and have taken the minor premise as the rule of the case. We have in some of our decisions restricted the rule of the minor premise by making it the exclusive rule for the jurisdiction of the county court to construe a will.

In Fisher v. Fisher, *supra,* we stated the minor premise as the rule. In In re Estate of Buerstetta, 83 Neb. 287, 119 N. W. 469, we said: "It is *conceded* that the authority of the county court in actions to consider wills is *confined* to the purpose of giving necessary and proper directions to an executor so that he may effectually execute the intentions of the testator * * *." (Emphasis supplied.)

In Merrill v. Pardun, *supra,* we stated a rule, applicable to that case, that the county court had "no jurisdiction to construe wills to determine rights of devisees or legatees as between themselves, * * *."

In In re Estate of Gibson, 130 Neb. 278, 264 N. W. 762, we stated the rule to be that the county court had original jurisdiction to construe wills insofar as it is necessary to enable the personal representatives of the decedent to properly administer decedent's estate.

In Austin v. Austin, 147 Neb. 109, 22 N. W. 2d 560, we held that: "The construction of the devise by a probate court is *solely* for the guidance of the legal representatives of the estate, * * *." (Emphasis supplied.)

In Klug v. Seegabarth, *supra,* we stated a rule more nearly in accord with the rule of the major premise in Youngson v. Bond, 59 Neb. 356, 95 N. W. 700. It is: "Where the purpose of the proceeding is (1) to further administration or settlement of the estate, (2) to construe a will for the guidance of the executor or administrator, then the only court having original jurisdiction is the county court; * * *." ((1) and (2) supplied by me.)

Certainly where a claim is filed for the payment of money, the determination of whether it is a valid claim in whole or in part is a necessary proceeding to further the administration and settlement of the estate.

In In re Estate of Mattingly, 131 Neb. 891, 270 N. W. 487, we held: "Although the county court, as a court of probate, has exclusive original jurisdiction as to all matters of probate, and in allowing claims it does so generally as in a civil law action, still the county court while so acting by virtue of its plenary powers in probate matters has power to try and determine matters of an equitable character in connection with such law matters and grant equitable relief to the same extent as the district court has in the exercise of its general equitable jurisdiction."

The allowance or disallowance of a claim against an estate is one of the first duties of the county court in a probate proceeding. In the performance of that duty, the county court has full authority to construe the will. The county court had jurisdiction of the subject matter

of this claim and full authority to adjudicate it. The district court likewise had jurisdiction on appeal.

The court holds that the plaintiff's remedy is to proceed in district court in an original action and there secure a construction of the will and a determination only of her rights to "certain property."

The difficulties with this position are many. It makes the construction of the will the primary, and not the incidental, matter for decision. We have approved the rule: " 'There must be some contest or controversy of which *equity* will take jurisdiction, which necessitates a construction of a will, before the interpretation will be made.' " Price v. Shiels, 149 Neb. 330, 31 N. W. 2d 91. (Emphasis supplied.)

The district court does not have original jurisdiction to allow or disallow claims against estates. We have directly held: The district courts of this state have no original jurisdiction to allow claims against the estate of a decedent or to order the payment of such claims out of funds in the hands of the administrator. Craig v. Anderson, 3 Neb. (Unoff.) 638, 92 N. W. 640. This was approved in Rehn v. Bingaman, 151 Neb. 196, 36 N. W. 2d 856.

By the finding made herein this rule is avoided, for plaintiff's only remedy now is to sue somebody for "certain property."

The allowance of the claim is the primary relief sought by the plaintiff. The original jurisdiction of the county court and the lack of original jurisdiction of the district court to allow or disallow the claim brings this matter clearly within the jurisdiction of the county court and the district court on appeal. The county court has the power to construe the will as an incident to the exercise of its original jurisdiction to allow or disallow claims. I would so hold.

CHAPPELL and WENKE, JJ., concurring.

We agree with the majority opinion. This concurrence is filed to respectively alleviate any misconcep-

tions that may be engendered by the dissent filed in this case.

This purported claim against the estate of Maude C. Crane, deceased, involves a construction of the will of Fred A. Crane, deceased, to determine the nature and extent of the property rights of the parties in the action under such will. It is a controversy between adverse claimants, Faye Lutcavish and Maude C. Crane, who were devisees or legatees under the same will, which is foreign to the estate of Maude C. Crane. It involves no question pertaining to any function lodged exclusively in the county court. If the purported claim of Faye Lutcavish was based on conversion by Maude C. Crane during her lifetime, that issue depends upon construction of the will of Fred A. Crane, and an accounting of the funds and property involved. The question to be finally determined is the meaning of the will of Fred A. Crane and the respective rights of Faye Lutcavish and the representative of Maude C. Crane as between themselves under that will.

If the funds and property involved belong to Faye Lutcavish, as contended, and not to the estate of Maude C. Crane, it is no part of Maude C. Crane's estate and the administrator thereof wrongfully has it in his possession. If this be true, it can afford no basis for a claim against Maude C. Crane's estate. This is not a case wherein the county court had original jurisdiction to construe a will of Maude C. Crane insofar as necessary to enable her executor or administrator to properly administer her estate.

The proper action in the situation at bar is a suit by Faye Lutcavish in the district court to interpret the will of Fred A. Crane and recover a judgment for the amount found due, if any, upon an accounting against the party or parties wrongfully withholding from her the funds and property to which she is allegedly entitled by the will of her father, Fred A. Crane, which will is foreign to and not any part of Maude A. Crane's estate.

The district court, under the cases cited in the majority opinion, has exclusive jurisdiction of such an action. Also, in that connection, a careful analysis of the cases relied upon in the dissent do not justify any other conclusion.

The dissent seems to infer that original jurisdiction of the county court can be sustained by the use of terminology which makes it appear to be a claim against the estate of Maude C. Crane. In that connection, courts will look through form to the substance of an action in determining jurisdiction.

The dissent also appears to rely upon the alleged fact that unreasonable expense and delay of decision will follow because Faye Lutcavish first invoked the powers of the county court, therefore we should conclude that such court had original jurisdiction. It is fundamental that jurisdiction depends solely upon the nature of the cause of action and not upon economic or sociological grounds.

We cannot agree that the general power of the county court to allow or disallow claims against an estate being administered by a county court authorizes such court to determine the respective rights of a devisee or legatee and the representative of another devisee or legatee who are adverse claimants as between themselves under the same will in another estate which has long since been closed. The claims over which the county court has jurisdiction are those for which Maude C. Crane was liable in her lifetime and those accruing after her death for which her estate is liable by statute. The construction of the will of Fred A. Crane and a determination of the respectively alleged rights of Faye Lutcavish and Maude C. Crane under it are clearly matters within the exclusive jurisdiction of the district court. It involves nothing pertaining to the administration of the estate of Maude C. Crane, a proceeding which is admittedly within the exclusive jurisdiction of the county court.